UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MICHAEL DIAZ                                              :   Civil No. 1:10-CV-3920 (ERK) (CLP)

                Plaintiff,                          :

    v.                                                   :

PORTFOLIO RECOVERY ASSOC., LLC AND      :   NOVEMBER 24, 2010
MALEN & ASSOCIATES, P.C.

                              :

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, MALEN & ASSOCIATES, P.C.'S MOTION TO DISMISS

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Thomas A. Leghorn
Jill E. Alward
Attorneys for the Defendant,
MALEN & ASSOCIATES, P.C.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 09120.00239

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................ 2

STANDARD OF REVIEW .................................................................................................. 3

PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED ......................................................................................................... 4

1. *The Plain Language of 15 U.S.C. § 1692i Requires a Debt Collector to Bring a Legal
Action Against a Consumer in the Judicial District Where the Consumer Signed the
Contract Sued Upon or Where the Consumer Resides* ............................................... 4

2. *The Defendant Did Not Violate the FDCPA when it Followed Years of Prior
Precedent in Bringing a Timely Action Under New York Law Against the Plainitff* .............. 5

3. *The Appellate Court's Decision in King Should Not be Retroactively Applied to the
Defendant* .................................................................................................................. 8

4. *Even Applying CPLR § 2020 to the Underlying Case, It was Timely in New York
Because the Defendant Could Not Obtain Personal Jurisdiction Over the Plaintiff in New
Hampshire* ................................................................................................................. 11

5. *The Defendant Did Not Violate the FDCPA as it Conducetd a Meaningful Review,
Including the **Existing** Statute of Limitations at the Time the Complaint was Filed* ............. 14

6. *Without a Violation of the FDCPA, this Court Loses Supplemental Jurisdiction Over
the Plaintiff's State Law Claims* ................................................................................ 15

7. *The Defendants Did Not violate New York General Business Law § 349* ............................ 16

8. *The Allegations in the Complaint are Insufficient to Maintain a Cause of Action Under
Judiciary Law § 487* .................................................................................................. 17

CONCLUSION.................................................................................................................. 18

## TABLE OF AUTHORITIES

### *FEDERAL AND NEW YORK CASE LAW*                    *PAGES*

*AFL-CIO (AFSCME) v. County of Nassau,*
   1995 U.S. Dist. LEXIS 14170 (E.D.N.Y. May 31, 1995)...................... 8
*Ashcroft v. Iqbal,*
   129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ..............................   3
*Avery v. First Resolution Management Corp.,*
   568 F.3d 1018 (9th Cir. 2009)
   *cert. denied*, 130 S.Ct. 554, 175 L.Ed.2d 383 (Nov. 9, 2009) ............11, 12, 13
*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) ............. 3, 4
*Berrios v. Sprint Corp.,*
   1998 U.S. Dist. LEXIS 6579, * 8 (E.D.N.Y. March 16, 1998) .............. 16
*Branham v. Meachum,*
   77 F.3d 626, 628 (2d Cir. 1996) ................................................ 3, 14
*Boykin v. KeyCorp,*
   521 F.3d 202, 213-14 (2d Cir. 2008) ......................................... 3
*Carnegie-Mellon Univ. v. Cohill,*
   484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ............. 15
*Chan v. Mui, et al,*
   1993 U.S. Dist. LEXIS 14693 (S.D.N.Y. Oct. 20, 1993) .....................11
*Chance v. Armstrong,*
   143 F.3d 698, 701 (2d Cir. 1998) ................................................ 3
*Chevron Oil Co. v. Huson,*
   404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) ........................... 9, 10
*Cohen v. JP Morgan Chase & Co.,*
   498 F.3d 111, 126 (2d Cir. 2007) ............................................... 16
*Education Resources Inst., Inc. v. Piazza*
   17 A.D.3d 513, 794 N.Y.S.2d 65 (2d. Dept. April 18, 2005) ................. 6, 7
*First National City Bank v. Cervera,*
   43 Misc.2d 843, 845-46, 252 N.Y.S.2d 537 (S.Ct. Aug. 28, 1964) ............ 5
*Gant v. Wallingford Bd. of Educ.,*
   69 F.3d 669, 673 (2d Cir. 1995) ................................................ 3
*Grossman v. Texas Commerce Bancshares, Inc.,*
   1993 U.S. Dist. LEXIS 18073 (S.D.N.Y. Dec. 22, 1993) ..................... 9, 10
*Ground Air Catering v. Dobbs Intl. Servs.,*
   285 A.D.2d 931, 932, 728 N.Y.S.2d 308 (2001) ................................ 7
*Kemer v. Chemical Construction Corp.,*
   623 F.2d 786, 789 (2d Cir. 1980)
   *aff'd on other grounds*, 456 U.S. 461, 102 S.Ct. 1883 (1982) .....................10
*Kolari v. New York-Presbyterian Hosp.,*
   455 F.3d 118, 122 (2d Cir. 2006) ...................................................15
*Landgraf v. USI Film Products,*
   114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994) ...................................... 8

*Lazich v. Vittoria & Parker*,
    189 A.D.2d 753, 592 N.Y.S.2d 418 (App. Div. 2d Dept. 1993) …………….. 17
*Leeds v. Meltz*,
    85 F.3d 51, 53 (2d Cir. 1996) …………………………………………………… 3
*Manufactures and Traders Trust Co. v. Lindauer*,
    135 Misc.2d 132, 144-45, 513 N.Y.S.2d 629 (S.Ct. March 13, 1987) ……….. 5
*Marchitto v. Knapp*,
    807 F.Supp. 916, 917 (D. Conn. 1992) ………………………………………….. 3
*Martin v. Dierck Equip. Co.*,
    43 N.Y.2d 583, 588, 374 N.E.2d 97, 403 N.Y.S.2d 185 (1978) ………………. 7
*Matican v. City of New York*,
    524 F.3d 151, 155 (2d Cir. 2008) …………………………………………………15
*Matter of Berkovitz v. Arbib & Houlberg*,
    230 N.Y. 261, 270 (1921) ………………………………………………………… 8
*McManus v. Sturniolo*,
    129 Misc.2d 534, 535, 493 N.Y.S.2d 284 (S.Ct. 1985) ………………………… 5
*Miller v. Upton, Cohen & Slamowitz*,
    687 F.Supp.2d 86 (E.D.N.Y. Oct. 5, 2009) …………………………………… 14
*Miller v. Wolpoff & Abramson, LLP*,
    321 F.3d 292, 304 (2d Cir. 2003) …………………………………………………… 14
*Nielsen v. Dickerson*,
    307 F.3d 623, 638 (7th Cir. 2002) ……………………………………………… 14
*O'Callaghan v. Sifre, et al*,
    537 F.Supp.2d 594, 596 (S.D.N.Y. 2008) ………………………………………17
*O'Connell v. Kerson*,
    291 A.D.2d 386, 736 N.Y.S.2d 895 (App. Div. 2d Dept. 2002) …………….. 17
*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20, 25, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995) ………………. 16
*Portfolio Recovery Assoc., LLC v. Avalone*,
    Supreme Court of the State of New York,
    County of Westchester, Index No. 5334/06 (Oct. 18, 2006) …………………. 6
*Portfolio Recovery Assoc., LLC v. Diaz*,
    Civil Court of the City of New York,
    County of Kings Index: 124815-cv-09 …………………………………….….... 2
*Portfolio Recovery Services, LLC v. Fiori*,
    State of New York City Court, County of Broome,
    City of Binghampton, Index No. C60427 (Nov. 7, 2005) ……………………5
*Portfolio Recovery Assoc., LLC v. King*,
    2010 N.Y. Slip. Op. 3470; 14 N.Y.3d 410 (N.Y. App. April 29, 2010) …2, 7, 14
*Portfolio Recovery Assoc., LLC v. King*,
    2008 N.Y. Slip. Op. 8045, 55 A.D.3d 1074 (3d Dept. Oct. 22, 2008) …………7
*Portfolio Recovery Assoc., LLC v. Tabin*,
    Supreme Court of the State of New York,
    County of Ulster, Index No. 05-1028 (July 14, 2006) ……………………………6
*Rescildo v. R.H. Macy's*,
    187 A.D.2d 112, 113, 594 N.Y.S.2d 139,140 (1st Dept. 1993) …………………11

*Sanchez De Hernandez, et al v. Bank of Nova Scotia a/k/a Scotiabank,*
   2008 N.Y. Slip. Op. 32689U (S.Ct. Sept. 8, 2008) ……………………………….. 6
*Schindler v. Issler & Schrage, P.C.,*
   262 A.D.2d 226, 692 N.Y.S.2d 361, 363 (App. Div. 1st Dept. 1999) ………17, 18
*Sears, Roebuck & Co. v. Enco Assoc.,*
   43 N.Y.2d 389, 372 N.E.2d 555 (N.Y. App. Dec. 21, 1977) …………………… 6
*Seghers v. Olympia Capital,*
   2009 N.Y. Slip. Op. 3257OU (S.Ct. Nov. 4, 2009) …………………………………6
*Simonson v. International Bank,*
   14 N.Y.2d 281, 289 (1964) …………………………………………………………… 8
*Spagnola v. Chubb Corp.,*
   574 F.3d 64, 74 (2d Cir. 2009) …………………………………………………..16
*Tanges v. Heidelberg North Am., Inc.,*
   93 N.Y.2d 48, 54, 710 N.E.2d 250, 687 N.Y.S.2d 604 (1999) ………………….. 6
*Thomas v. Chamberlain,*
   115 A.D.2d 999, 497 N.Y.S.2d 561, 562 (App. Div. 4th Dept. 1985)………… 17
*United Mine Workers v. Gibbs,*
   383 U.S. 715, 725, 86 S.Ct. 1130 (1966) ………………………………………… 15
*Verizon Directories Corp. v. Continuum Health Partner, Inc.,*
   2009 N.Y. Slip. Op. 30907 (S.Ct. April 21, 2009) …………………………... 4 n.1
*Welch v. Cadre Capital,*
   923 F.2d 989, 994 (2d Cir. 1991) ………………………………………………… 9, 10

### *NEW HAMPSHIRE CASE LAW*　　　　　　　　　　　　　　　　*PAGES*

*Atwood v. Bursch,*
   107 N.H. 189, 219 A.2d 285, 287 (N.H. 1966) ……………………………11, 13
*Bolduc v. Richards,*
   101 N.H. 303, 142 A.2d 156, 158 (N.H. 1958) ………………………………11, 13
*Quarles v. Bickford,*
   64 N.H. 425, 13 A. 642, 643 (N.H. 1887) ……………………………………11, 13

### *DELAWARE CASE LAW*　　　　　　　　　　　　　　　　　　*PAGES*

*Hurwitch v. Adams,*
   52 Del. 247, 155 A.2d 591, 593-94 (Del. 1959) ……………………….. 13

### *STATUTES*　　　　　　　　　　　　　　　　　　　　　　　*PAGES*

CPLR § 202 …………………………………………………………….2, 4, 7, 9, 11, 13
Fed. R. Civ. P. 8(a)(2) ……………………………………………………………… 3
Fed. R. Civ. P. 12(b)(6) ………………………………………………………… 1, 3, 4
New York Gen. Bus. Law § 349 …………………………………………………..4, 16
New York Judiciary Law § 487 ("§ 487") ………………………………………4, 17, 18
Or. Rev. Stat. § 12.430 …………………………………………………………… 13
Or. Rev. Stat. § 12.440 …………………………………………………………… 13

15 U.S.C. § 1692i ……………………………………………………………… 4, 5
15 U.S.C. § 1692e ………………………………………………………………… 4
15 U.S.C. §1692e(5) …………………………………………………………… 4
15 U.S.C. § 1692e(10) …………………………………………………………… 4
15 U.S.C.§ 1692f ………………………………………………………………… 4
15 U.S.C. §1692f(1) ……………………………………………………………… .4
CPLR § 503(f) …………………………………………………………………… 4, 5
CPLR § 213 ……………………………………………………………………… 5
28 U.S.C. § 1367 ………………………………………………………………..15
28 U.S.C. § 1367 ………………………………………………………………..15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | X | |
| MICHAEL DIAZ | : | Civil No. 1:10-CV-3920 (ERK) (CLP) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,** |
| PORTFOLIO RECOVERY ASSOC., LLC AND MALEN & ASSOCIATES, P.C. | : | **MALEN & ASSOCIATES, P.C.'S MOTION TO DISMISS** |
| Defendants. | : | |
| | | NOVEMBER 24, 2010 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | X | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT, MALEN & ASSOCIATES, P.C.'S,
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, Malen & Associates, P.C. ("Malen"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby submit the following Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's claims against Malen are fatally flawed because they are premised on a decision by the Court of Appeals of New York that was not decided until nearly *six months* **after** the alleged complaint was filed with the court. For Plaintiff's claims to state a cause of action would require this Court to retroactively apply the Court of Appeals decision, a consequence not contemplated by that Court and which would be catastrophic to the collection industry in general, and in particular, to collection law firms similar to the defendant. For the reasons that follow, the defendant submits that the Court should not consider any arguments of the plaintiff that result from the Court of Appeals decision with respect to the applicability of the New York statute of limitations for consumer collection matters.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On or about November 27, 2009, Portfolio Recovery Associates ("PRA"), represented by Malen, filed a Summons and Complaint against the plaintiff in Kings County Civil Court, entitled *Portfolio Recovery Assoc., LLC v. Diaz*, Index: 124815-cv-09 (hereafter, "the State Action"). Am. Compl. ¶15 (attached hereto as **Exhibit A**). The State Action sought recovery of a purported debt on a Providian credit card account for $5,394.42, including statutory and pre-judgment interest. *See* **Exhibit A**, Am. Compl. ¶16. On April 29, 2010 the Court of Appeals of New York decided *Portfolio Recovery Assoc., LLC v. King*, 2010 N.Y. Slip. Op. 3470; 14 N.Y.3d 410 (N.Y. App. April 29, 2010) ("*King*"), holding for the first time that CPLR § 202 required creditors or third party collection companies to comply with the statute of limitations of the state in which the cause of action accrued and the economic injury occurred. On or about April 30, 2010, the plaintiff filed a *pro se* answer. *See* **Exhibit A**, Am. Compl. ¶32. On or about May 11, 2010, after the plaintiff retained Schlanger & Schlanger, LLP, the parties entered into a Stipulation in the State Action, allowing the plaintiff to amend his Answer on Consent. *See* **Exhibit A**, Am. Compl. ¶33. On or about June 10, 2010, the plaintiff, through his counsel, filed both an Amended Answer and Motion to Dismiss. *See* **Exhibit A**, Am. Compl. ¶34. On or about June 17, 2010, counsel for the parties entered into a Stipulation of Discontinuance, in which the claims of PRA were dismissed against the plaintiff with prejudice. *See* **Exhibit A**, Am. Compl. ¶35. After the voluntary dismissal of the State Action, the plaintiff filed the instant action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). For the reasons stated below, this action should be dismissed in its entirety.

2

## II.    LEGAL ARGUMENT

### A.    STANDARD OF REVIEW

After a plaintiff files a complaint, the Federal Rules of Civil Procedure permit certain defenses to be asserted by motion. Fed. R. Civ. P. 12(b). Among these defenses is a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court takes all well-pled factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). "At the [motion to dismiss] stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims . . .'" *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998) *quoting Branham v. Meachum*, 77 F.3d 626, 628 (2d Cir. 1996); *see also Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995). In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Marchitto v. Knapp*, 807 F.Supp. 916, 917 (D. Conn. 1992).

When ruling on a Rule 12(b)(6) motion, the Court's analysis is guided by Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has recently articulated that Rule 8(a)(2) "requires factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). This "plausibility standard" in *Twombly* "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *quoting Twombly*, 127 S.Ct. at 1964. When the allegations in the complaint, however true, could not

3

raise a claim of entitlement of relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 127 S.Ct. at 1964.

As the arguments set forth below demonstrate, the Plaintiff's complaint fails to assert a claim for a violation of the FDCPA, New York Gen. Bus. Law § 349 ("NYGBL § 349") or New York Judiciary Law § 487 ("§ 487"). Therefore, the complaint should be dismissed in its entirety.

## B. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The plaintiff's complaint contains the allegation that the defendant has violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1). Despite the numerous sections cited by the Plaintiff, this litigation comes down to one issue – whether CPLR § 202 applied to the collection of a *consumer debt* from a New York resident prior to the decision in *King*.[1]

### 1. The Plain Language of 15 U.S.C. §1692i Requires a Debt Collector to Bring a Legal Action Against a Consumer in the Judicial District Where the Consumer Signed the Contract Sued Upon or Where the Consumer Resides

15 U.S.C. § 1692i provides in pertinent part: "(a) Any debt collector who brings any legal action on a debt against any consumer shall – (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar entity – (A) in which such consumer signed the contract sued upon; *or* (B) in which such consumer resides at the commencement of the action." (Emphasis added). In addition, New York law requires that a debtor be served with process in the county in which he or she resides. *See* CPLR § 503(f) (In an action arising out of a consumer credit transaction where a purchaser, borrower or debtor is a defendant, the place of trial shall be the residence of a defendant, if one resides within the state

---

[1] Prior to *King*, the New York state courts only applied § 202 to commercial transactions wherein it was alleged that there was a breach of contract and the contract contained a choice of law provision in favor of a foreign jurisdiction. *See e.g. Verizon Directories Corp. v. Continuum Health Partner, Inc.*, 2009 N.Y. Slip. Op. 30907 (S.Ct. April 21, 2009).

or the county where such transaction took place, if it is within the state, or, in other cases, as set forth in subdivision (a)."); *see also McManus v. Sturniolo*, 129 Misc.2d 534, 535, 493 N.Y.S.2d 284 (S.Ct. 1985) ("The purpose of [§ 503(f)] is to allow the court to determine if the action is being brought in the correct venue. . . . CPLR 503(f) requires an action arising out of a consumer credit transaction to be brought in the county where the debtor is a resident.").

The defendant complied with 15 U.S.C. § 1692i and CPLR § 503(f) when filing the State Action in the county in which the plaintiff resided. Therefore, there was no violation of the FDCPA and the first count of the plaintiff's complaint should be dismissed.

2. *The Defendant did not Violate the FDCPA when it Followed Years of Prior Precedent in Bringing a Timely Action Under New York Law Against the Plaintiff*

Prior to April 29, 2010, when the Court of Appeals of New York decided *King*, the law in the state of New York, which was followed universally by every element of the legal profession, including attorneys, judgment clerks, judges and the New York Attorney General, was: credit card collection matters were subject to New York's six year statute of limitations as provided by CPLR § 213 regardless of the location of the original creditor. *See Manufactures and Traders Trust Co. v. Lindauer*, 135 Misc.2d 132, 144-45, 513 N.Y.S.2d 629 (S.Ct. March 13, 1987) (if plaintiff were timely served she could have asserted the defense of the statute of limitations to any portion of the collective indebtedness incurred by her severally more than six years prior to the commencement of the action); *see also First National City Bank v. Cervera*, 43 Misc.2d 843, 845-46, 252 N.Y.S.2d 537 (S.Ct. Aug. 28, 1964) (granting defendant's motion for summary judgment where plaintiff failed to proceed within six year statute of limitations); *Portfolio Recovery Services, LLC v. Fiori*, State of New York City Court, County of Broome, City of Binghampton, Index No. C60427 (Nov. 7, 2005) (attached hereto as **Exhibit B**) (pursuant to section 213(s) of the CPLR, the statute of limitations on a revolving credit loan agreement is six

years); *Portfolio Recovery Assoc., LLC v. Tabin*, Supreme Court of the State of New York, County of Ulster, Index No. 05-1028 (July 14, 2006) (attached hereto as **Exhibit C**) (the plaintiff had six years to commence an action against the defendant for his failure to pay off is Sears credit card account); *Portfolio Recovery Assoc., LLC v. Avalone*, Supreme Court of the State of New York, Westchester County, Index No. 5334/06 (Oct. 18, 2006) (attached as **Exhibit D**) (the applicable statute of limitations to recover the unpaid balance on a credit card is six years).

Additionally, matters of procedure are governed by the law of the forum and matters of substantive law fall within the course chartered by a choice of law analysis. *See Sears, Roebuck & Co. v. Enco Assoc.*, 43 N.Y.2d 389, 372 N.E.2d 555 (N.Y. App. Dec. 21, 1977) (contractual choice of law provision operated only to import substantive law of chosen state); *see also Education Resources Inst., Inc. v. Piazza*, 17 A.D.3d 513, 794 N.Y.S.2d 65 (2d. Dept. April 18, 2005) ("[T]he law of the forum normally determines for itself whether a given question is one of substance or procedure."); *Tanges v. Heidelberg North Am., Inc.*, 93 N.Y.2d 48, 54, 710 N.E.2d 250, 687 N.Y.S.2d 604 (1999) ("Statutes of Limitation are generally considered procedural because they are '[v]iewed as pertaining to the remedy rather than the right.'" [Citations omitted]); *Seghers v. Olympia Capital*, 2009 N.Y. Slip. Op. 3257OU, 2009 N.Y.Misc. LEXIS 5051 (S.Ct. Nov. 4, 2009) (denying a plaintiff's motion to dismiss in holding that New York courts apply contractual choice of law clauses only to substantive issues); *Sanchez De Hernandez, et al v. Bank of Nova Scotia a/k/a Scotiabank*, 2008 N.Y. Slip. Op. 32689U, 2008 N.Y.Misc. LEXIS 10263 (S.Ct. Sept. 8, 2008) ("In common law jurisdictions, such as New York, matters of procedure, such as statutes of limitations, are governed by the law of the forum[.]").

The above cited cases, as well as the universal understanding in the legal community that procedural matters are governed by the laws of the State of New York, establish that the

6

defendant was not in violation of any sate or federal law when it filed the State Action in November of 2009. In fact, in October of 2008 the Appellate Division of the Supreme Court of New York hearing the initial appeal in *King* held "[u]nder New York choice of law principles, contractual choice of law provisions only apply to substantive issues; New York follows its own procedural rules." *Portfolio Recovery Assoc., LLC v. King*, 2008 N.Y. Slip. Op. 8045, 55 A.D.3d 1074 (3d Dept. Oct. 22, 2008) *citing Martin v. Dierck Equip. Co.*, 43 N.Y.2d 583, 588, 374 N.E.2d 97, 403 N.Y.S.2d 185 (1978); *Education Resources Inst., Inc., supra*; *Ground Air Catering v. Dobbs Intl. Servs.*, 285 A.D.2d 931, 932, 728 N.Y.S.2d 308 (2001) ("In New York, [s]tatutes of [l]imitation are generally considered procedural because they are viewed as pertaining to the remedy rather than the right.") (Citations omitted).

The Court of Appeals in New York changed the applicability of § 202 in April of 2010 when it decided *King*, which held that an original creditor or a debt buyer cannot apply New York's six-year statute of limitations if the original creditor's home state has a shorter statute of limitations. This was not the state of the law in 2009 when the defendant commenced the State Action against the plaintiff. Although the Court of Appeals stated that it was not changing the law, it clearly altered the long standing application and understanding of that law.

As a result of the *King* decision, the state courts have issued new directives requiring attorneys seeking the collection of a debt to submit an affidavit outlining its adherence to the statute of limitations in New York or the foreign jurisdiction in which the original creditor resides, depending on which statute of limitations is shorter. In addition, the New York Senate has proposed a bill that would, in addition to other things, reduce the statute of limitations on all actions arising out of consumer credit transactions to three years. *See* A.7558-A.

In issuing its comments on A.7558-A, the New York City Bar stated "As a result of the recent Court of Appeals decision in *Portfolio Recovery Assoc., LLC v. King*, 14 N.Y.3d 410

7

(2010), . . . many of the debt collection lawsuits filed in New York are already subject to a three-year statute of limitations." *See* New York City Bar Report on Legislation by the Consumer Affairs and Civil Court Committees, issued May 2010 (attached hereto as **Exhibit E**). In November of 2009 when the State Action was commenced against the plaintiff, the universally accepted understanding of the law in New York allowed the defendant to file suit within New York's six year statute of limitations without concern for the statute of limitations in the foreign jurisdiction where the economic injury occurred. Therefore, the defendant was not in violation of state law when it filed the State Action against the plaintiff and cannot now retroactively be said to have been in violation of the FDCPA for the same action.

3. *The Appellate Court's Decision in King Should Not be Retroactively Applied to the Defendant*

A procedural change is generally inapplicable "where the effect is to reach backward, and nullify by relation the things already done [citations omitted]. There can be no presumption, for illustration, that a statute regulating the form of pleadings . . . is intended to invalidate pleadings already served[.]" *Matter of Berkovitz v. Arbib & Houlberg*, 230 N.Y. 261, 270 (1921). It takes a clear expression of legislative purpose to justify "a retrospective application of even a procedural statute so as to affect proceedings *previously taken* in such actions[.]" *Simonson v. International Bank*, 14 N.Y.2d 281, 289 (1964).

"[T]o determine whether a statute has retroactive effects, a court must ask 'whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.'" *AFL-CIO (AFSCME) v. County of Nassau*, 1995 U.S. Dist. LEXIS 14170 (E.D.N.Y. May 31, 1995) *citing Landgraf v. USI Film Products*, 128 L.Ed.2d 229, 114 S.Ct. 1483, 1505 (1994). Although the issue of retroactive application generally arises in the context of legislation, it is even more important to

8

make such an analysis when, as here, a court has altered the understanding of the entire legal community as to the application of a statute.

Applying the procedural change announced in *King* would be incredibly detrimental, not only to the defendant in this case, but to the consumer collection industry as a whole. To date, no action commenced by a creditor within New York's six year statute of limitations prior to April of 2010 has been reversed a result of the *King* decision. To allow this case to set the precedent for applying the *King* decision retroactively would devastate the entire consumer credit industry in New York, by virtue of the filing of class actions, the requests for reimbursements of monies paid for default judgments and the possibility that every case filed prior to *King* be reviewed and reversed as untimely.

In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court created a three-part test to be used when determining whether retroactivity should apply. "The *Chevron* analysis begins with a threshold inquiry as to pure prospective application of judicial decisions: 'first, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed.'" *Grossman v. Texas Commerce Bancshares, Inc.*, 1993 U.S. Dist. LEXIS 18073 (S.D.N.Y. Dec. 22, 1993) *citing Chevron*, 404 U.S. at 106. "The *Chevron* test does not require a showing of actual reliance on prior law. As the Court in *Welch I* noted, the first prong of *Chevron* requires only that 'a plaintiff 'may' have relied on the prior rule and does not create a test of actual reliance.'" *Grossman*, 1993 U.S. Dist. LEXIS 18073 fn. 4 *citing Welch v. Cadre Capital*, 923 F.2d 989, 994 (2d Cir. 1991) *(Welch I)*. In the case at bar, as has been presented in this motion, the decision in *King* changed the way procedural questions involving how the statute of limitations in New York for consumer transactions versus a foreign jurisdiction is decided.

9

While CPLR § 202 has long been around, its application in *King* altered prior law in New York that determined that a question of the statute of limitations was both procedural and should be decided by the forum. The defendant has met the threshold inquiry under the *Chevron* test.

"If the advocate of non-retroactivity clears the first obstacle, the court must proceed to the balancing test called for by the second and third factors." *Grossman*, 1993 U.S. Dist. LEXIS *14, *citing Welch I*, 923 F.2d at 994 (*quoting Kemer v. Chemical Construction Corp.*, 623 F.2d 786, 789 (2d Cir. 1980), *aff'd on other grounds*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)). The second factor entails a "weighing of the merits and demerits in each case by looking to prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Chevron*, 404 U.S. at 106-107 (citations omitted). In *Welch I*, the Second Circuit stated: "the one year/three year limitations period advances the remedial and deterrent purposes of the particular cause of action and preserves the defendant's interest in repose by giving notice to potential plaintiffs of the time within which suit must commence and potential defendants of the time beyond which exposure to liability ceases . . . *application of a limitations period not yet in existence at the time suit was commenced clearly does not further either of the competing interests*." (Emphasis added).

There can be no estimate to the damage that the retroactive nature of the *King* decision could have on the consumer credit industry, but taking into account that there were 241,195 debt collection lawsuits filed in New York in 2009, approximately 66% of those cases resulted in default and 99% of the plaintiffs were not represented by counsel, (*see* **Exhibit E**), it is easy to see that the effect would be catastrophic to the industry, in particular, to collection law firms similar to the defendant. The defendant relied on the state of law *at the time the State Action was filed* against the plaintiff. For that, there was no violation of the FDCPA and any other holding

10

would subject the defendant, and countless others, to liability based on the retroactive application
of a law.

    4.    *Even Applying CPLR § 202 to the Underlying Case, It was Timely in New York*
        *Because the Defendant Could Not Obtain Personal Jurisdiction Over the Plaintiff*
        *in New Hampshire*

While the purpose of CPLR § 202 is to prevent out of town plaintiffs from forum

shopping using New York's six year statute of limitations, "§ 202 is not applicable when the

state where the action accrued did not have personal jurisdiction over defendants." *See Rescildo*

*v. R.H. Macy's*, 187 A.D.2d 112, 113, 594 N.Y.S.2d 139,140 (1st Dept. 1993) (section 202

imports law of foreign forum solely with respect to a defendant who was amendable to suit in

that state during the relevant period).

In *Chan v. Mui, et al*, 1993 U.S. Dist. LEXIS 14693 (S.D.N.Y. Oct. 20, 1993), the court,

in determining whether the statute of limitations would be that of New York or that of

Oklahoma, where the Oklahoma statute of limitations was shorter than the six years provided for

in New York, held "§ 202 is not applicable when the state where the action accrued did not have

personal jurisdiction over defendants. . . . Thus, regardless of where each cause of action

accrued, New York's statute of limitations applies to the defendant over whom Oklahoma had no

personal jurisdiction." *See also Rescildo*, 187 A.D.2d at 113. In the present case, the defendant

could not obtain personal jurisdiction over the plaintiff, something the New Hampshire Supreme

Court has recognized when determining whether a foreign statute of limitations should apply.

*See Bolduc v. Richards*, 101 N.H. 303, 142 A.2d 156, 158 (N.H. 1958); *Quarles v. Bickford*, 64

N.H. 425, 13 A. 642, 643 (N.H. 1887); *see also Atwood v. Bursch*, 107 N.H. 189, 219 A.2d 285,

287 (N.H. 1966).

In a case strikingly similar to the case at bar, the U.S. Court of Appeals for the Ninth

Circuit held that there was no violation of the FDCPA where the plaintiff claimed that the

11

defendants attempted to collect on a time-barred debt using the statute of limitations from Oregon versus the statute of limitations from New Hampshire. *See Avery v. First Resolution Management Corp.*, 568 F.3d 1018 (9th Cir. 2009) *cert. denied*, 130 S.Ct. 554, 175 L.Ed.2d 383 (Nov. 9, 2009).

In *Avery*, the plaintiff alleged that the defendants, collection attorneys, violated the Fair Debt Collection Practices Act when they pursued a claim in Oregon under the Oregon six year statute of limitations versus the New Hampshire three year statute of limitations. Avery alleged in her complaint that she was an Oregon resident at all times and that she made her last payment to Providian on or about November 5, 2001. The plaintiff's agreement with Providian provided that the laws of New Hampshire would apply in case of a dispute, regardless of Avery's actual residence. *Avery*, 568 F.3d at 1021. Providian assigned the account for collection and First Resolution purchased the debt. *Id.* On November 15, 2004 First Resolution informed the plaintiff that it was the owner of the debt and indicated that the account information would be forwarded to a collection attorney in her area for the purposes of suit if the debt was not resolved by December 6, 2004. On December 29, 2004, Avery received a letter from the defendants informing her that she had 30 days within which to dispute the debt. On February 9, 2006, the defendants filed suit in the Washington County Circuit Court of Oregon. On the day the suit was filed, the plaintiff disputed the debt and requested verification. After the plaintiff retained counsel and the defendants determined it would be in their best interests not to pursue the claim, they filed a dismissal of the suit without prejudice. *Id.* at 1020-1021.

After the action was dismissed, the plaintiff filed an action based on a violation of the FDCPA in the United States District Court for the District of Oregon. The plaintiff alleged that the defendants violated the FDCPA when they attempted to collect a debt that they knew was time-barred by the New Hampshire statute of limitations. In order to determine whether the

12

plaintiff's claim could survive a motion for summary judgment by the defendants, the court looked at the New Hampshire statute of limitations as well as the case law interpreting the same.

The District Court of Oregon found "All available case law interpreting [New Hampshire's statute of limitations for an action on a credit card] suggests that its intent and purpose is to toll New Hampshire's statute of limitations when the defendant is not available to be served by a plaintiff suing in the state of New Hampshire." *Avery*, 568 F.3d at 1022 *citing Bolduc, supra* (holding that the statute of limitations is only tolled when a defendant could not otherwise be served in New Hampshire due to lack of personal jurisdiction); *Quarles, supra* (same); *see also Atwood, supra* (holding that the statute of limitations runs only in favor of those who are within the state).

While the District Court of Oregon opined that the analysis in the case was otherwise simple enough to be addressed in an unpublished opinion, it addressed the issue and held that, "under OR. REV. STAT. §§ 12.430 and 12.440, when parties lawfully adopt a state's law for the purposes of resolving disputes arising from an agreement, they adopt the state's statute of limitations provision and tolling provision *in toto*." The District Court further stated that the parties agreed to New Hampshire's statute of limitations as well as its tolling provisions, "which have consistently been interpreted by New Hampshire courts to apply when defendants are absent from New Hampshire, not from any other state." *Avery*, 568 F.3d at 1022. In fact, in *King*, the Court of Appeals conducted a similar inquiry into Delaware's statute of limitations and tolling provisions and only after that review determined that Delaware's tolling statute failed to save the plaintiff's action. *See King*, 14 N.Y.3d at 417 *citing Hurwitch v. Adams*, 52 Del. 247, 155 A.2d 591, 593-94 (Del. 1959).

The *Avery* analysis should be applied to the case at bar in order to find that (1) the defendant had no means to obtain personal jurisdiction over the plaintiff; and (2) New

Hampshire's highest court has recognized that the statute does not run against an individual who has never resided in the state in order to find *in this case*, which was filed before the *King* decision was released, that § 202 did not apply and the proper statute of limitations was six years under New York law. In light of the above, the State Action was commenced within the applicable statute of limitations in New York and all causes of action must be dismissed.

5. *The Defendant Did Not Violate the FDCPA as it Conducted a Meaningful Review, Including **the Existing** Statute of Limitations at the Time the State Action was Filed*

"The Second Circuit has declined to set out minimum standards regarding what steps an attorney should take and what documents he or she should review prior to . . . commencing legal action." *Miller v. Upton, Cohen & Slamowitz*, 687 F.Supp.2d 86 (E.D.N.Y. Oct. 5, 2009) *citing Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 304 (2d Cir. 2003) (court declined on the record to require a minimum standard for attorney review, except to state that "merely being told by a client that a debt is overdue is not enough[,]" *citing Nielsen v. Dickerson*, 307 F.3d 623, 638 (7th Cir. 2002)

In the case at bar, all of the plaintiff's purported claims stem from the single allegation that the defendant's filing of the State Action was beyond the statute of limitations, including the allegation that Attorney Wolstein failed to meaningfully review the plaintiff's complaint prior to filing. *See* **Exhibit A**, Am. Compl. ¶¶30, 31, 42(b), and 42(d). There is no support for this bare, boilerplate allegation within the plaintiff's complaint. Without more, this claim fails to meet the pleading requirements articulated by the United States Supreme Court in *Boykin, supra* as there are no allegations sufficient "to raise a right to relief above the speculative level." *Boykin,* 521 F.3d at 213-14. However, if this claim relates to Attorney Wolstein's review of this matter in connection with weather the statute of limitations expired, Attorney Wolstein, followed legal precedent that existed for years before the *King* decision, filing the State Action within

14

New York's six year statute of limitations. Therefore, there was no violation of the FDCPA for lack of meaningful review in this case.

> 6. *Without a Violation of the FDCPA, this Court Loses Supplemental Jurisdiction Over the Plaintiff's State Law Claims*

The plaintiff has alleged that supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367. *See* **Exhibit A**, Am. Compl. ¶3. 28 U.S.C. § 1367 provides for supplemental jurisdiction over all claims which are "part of the same case or controversy under Article III of the United States Constitution" as claims over which the district court has original jurisdiction. By the plaintiff's own admission in his complaint , his state law claims clearly share a "common nucleus of operative fact[s]," *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), with his federal law allegations of a violation of the FDCPA.

Where a district court dismisses all federal claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(c)(3). Whether to exercise supplemental jurisdiction is left to the discretion of the district court. *See Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)).

Here, the defendant has shown that there was no violation of the FDCPA and therefore, no violation of federal law, which would provide for original jurisdiction of this Court. As such, the plaintiff's remaining state law claims should be remanded to the proper state court. In the event this Court retains supplemental jurisdiction, the defendant argues below that both of the plaintiff's state law claims be dismissed for failure to state a claim upon which relief can be granted.

15

4204642.1

*7.    The Defendants did not Violate New York General Business Law § 349.*

In order to state a claim under NYGBL § 349, a plaintiff must allege: "(1) the act or

practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and

(3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir.

2009) (citation omitted). "Section 349 is directed at wrongs against the consuming public. . . .

Thus, as a threshold matter, plaintiffs claiming the benefit of section 349 – whether individuals

or entities . . . – must charge conduct of the defendant that is consumer-oriented." *Oswego*

*Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25, 647 N.E.2d

741, 623 N.Y.S.2d 529 (1995). Once a plaintiff has established that an act is consumer-oriented,

the plaintiff must show that "defendant is engaging in an act or practice that is deceptive or

misleading in a material way and that plaintiff has been injured by reason thereof." *Id*. at 25-26

(citations omitted). "An objectively misleading act is an act or omission that is likely to mislead

a reasonable consumer acting reasonably under the circumstances." *See Cohen v. JP Morgan*

*Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (internal quotations omitted). This standard is

far more lenient that the "least sophisticated consumer standard" required by the FDCPA. *See*

*Berrios v. Sprint Corp.*, 1998 U.S. Dist. LEXIS 6579, * 8 (E.D.N.Y. March 16, 1998).

While the defendant does not challenge that this is a case involving a consumer debt, the

plaintiff's conclusory factual allegations are deficient in failing to allege any specific act by the

defendant that was misleading, let alone misleading in a material way. As is stated throughout

this brief in support of the defendant's motion to dismiss, the defendant was following the state

of the law in New York *at the time that it filed* the State Action against the plaintiff and therefore

was not in violation of any state or federal law. In addition, it would be a difficult argument for a

plaintiff, residing in New York, who signed a contract for a credit card in New York, to allege

and successfully argue that that consumer would not *reasonably* believe that he would be

16

subjected to suit in New York under the New York six year statute of limitations. As such, the
second count of the plaintiff's complaint should be dismissed in its entirety.

   8.      *The Allegations in the Complaint are Insufficient to Maintain a Cause of Action
           Under Judiciary Law § 487*

   Section 487 creates a cause of action against an attorney for deceit or collusion engaged

in "with intent to deceive the court or any party." N.Y. Judiciary Law § 487 (2005). New York

courts limit the application of § 487 to claims that the defendant attorneys has intentionally

"engaged in a chronic, extreme pattern of legal delinquency." *Schindler v. Issler & Schrage,*

*P.C.*, 262 A.D.2d 226, 692 N.Y.S.2d 361, 363 (App. Div. 1st Dept. 1999); *see also O'Connell v.*

*Kerson*, 291 A.D.2d 386, 736 N.Y.S.2d 895 (App. Div. 2d Dept. 2002). "By confining the reach

of the statute to intentional egregious misconduct, this rigorous standard affords attorneys wide

latitude in the course of litigation to engage in written and oral expression consistent with

responsible, vigorous advocacy, thus excluding from liability statements to a court that fall 'well

within the bounds of the adversarial proceeding.'" *O'Callaghan v. Sifre, et al*, 537 F.Supp.2d

594, 596 (S.D.N.Y. 2008) *citing Lazich v. Vittoria & Parker*, 189 A.D.2d 753, 592 N.Y.S.2d 418

(App. Div. 2d Dept. 1993).

   "Under this threshold, an action grounded essentially on claims that an attorney made

meritless or unfounded allegations in state court proceedings would not be sufficient to make out

a violation of § 487." *O'Callaghan*, 537 F. Supp. 2d at 596 *citing Thomas v. Chamberlain*, 115

A.D.2d 999, 497 N.Y.S.2d 561, 562 (App. Div. 4th Dept. 1985) ("Assertion of unfounded

allegations in a pleading, even is made for improper purposes, does not provide a basis for

liability under [§ 487]").

   In the present case, the plaintiff has alleged that "Mr. Wolstein of Malen knowingly and

falsely represented that he had meaningfully reviewed and made reasonable inquiry into the

Complaint filed against Mr. Diaz in the State Action and the facts alleged therein, prior to filing

17

the Complaint with the Court." *See* **Exhibit A**, Am. Compl. ¶57. The plaintiff also alleges

"Malen likewise knowingly falsely represented that the action, which was time barred according

to the allegations in the State Action Complaint itself, was not frivolous." *See* **Exhibit A**, Am.

Compl. ¶58. These allegations do not demonstrate a sufficient intent to deceive the court or a

party, nor do they demonstrate a sufficiently chronic and extreme pattern of legal delinquency,

especially in light of the arguments made above that the Defendant was acting pursuant to the

state of the law relative to statute of limitations at the time the State Action against the plaintiff

was filed. *See Schindler*, 692 N.Y.S.2d at 362. There is no basis to maintain a claim under §

487. As such, the third count of the Plaintiff's complaint should be dismissed in its entirety.

## III.   CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court grant its Motion to

Dismiss the plaintiff's Complaint.

DATED:      New York, New York
            November 24, 2010

                                RESPECTFULLY SUBMITTED,
                                WILSON, ELSER, MOSKOWITZ
                                EDELMAN & DICKER LLP


                                Thomas A. Leghorn
                                Jill E. Alward
                                Attorneys for the Defendant,
                                MALEN & ASSOCIATES, P.C.
                                150 east 42nd Street
                                New York, NY 10017-5639
                                (212) 490-3000
                                (212) 490-3038 (fax)
                                File No.: 09120.00239