# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| MICHAEL DIAZ, | AMENDED COMPLAINT SUBMITTED AS A MATTER OF COURSE PURSUANT TO FRCP R. 15(a)(1)(A) |
| Plaintiff | |
| v. | Index No. 10-cv-3920 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | |
| and | |
| MALEN & ASSOCIATES, P.C. | |
| Defendants. | |

------------------------------------------------------------x

## INTRODUCTION

1.  This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), New York General Business Law § 349, and New York Judiciary Law § 487.

## JURISDICTION AND VENUE

2.  The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

3.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4.  Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

1

5.  Venue in this District is proper in that Defendants transacts business in the District, Plaintiff resides in this District, Defendant Malen & Associates, P.C. is located in this District, and the conduct complained of occurred in this District.

## PARTIES

6.  Plaintiff, Michael Diaz (hereinafter "Mr. Diaz") is a natural person who has resided at all relevant times in Brooklyn, New York.

7.  Mr. Diaz is a consumer as defined in the FDCPA § 1692a(3).

8.  Defendant Malen & Associates (hereinafter "Malen") is a law firm engaged in the business of collecting debts in this state, with its principal place of business located at 123 Frost St., Suite 203, Westbury, NY 11590.

9.  Malen's principal purpose is the collection of debts and it regularly attempts to collect debts alleged to be due another.

10. Malen is a debt collector as defined in the FDCPA §1692a(6).

11. Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA") is a business that buys purportedly past due/defaulted upon consumer debt from banks, credit card companies and other debt buyers and attempts either itself or through its agents to collect said debts.

12. PRA, a New Hampshire Corporation, is engaged in the business of collecting debts in this state, is licensed as a debt collector with the New York City Department of Consumer Protection, and maintains its principal place of business located in Norfolk, Virginia.

13. PRA's principal purpose is the collection of debts and it regularly attempts to collect debts alleged to be due another.

14. PRA is a debt collector as defined in the FDCPA §1692a(6).

2

## FACTS

15. On November 27, 2009, PRA, represented by Malen, filed a Summons and Complaint against Diaz in Kings County Civil Court, titled <u>Portfolio Recovery Associates, LLC v. Diaz</u>, Index: 124815-cv-09 (hereinafter, "the State Action").

16. The State Action sought recovery of a purported debt on a Providian credit card account for $5394.42, including statutory pre-judgment interest.

17. PRA, by and through its attorneys, Malen, asserted that this account had been assigned to PRA and that default had occurred and statutory interest of 9% had begun accruing "on or about 12/30/05"

18. Pursuant to CPLR § 202, the State Action was clearly and unambiguously time-barred at the time it was filed.

19. Specifically, Plaintiff was entitled to the shorter of New York's statute of limitations for breach of contract and account stated (6 years) and the applicable statute of limitations in the state in which the alleged accrued, which in this case was New Hampshire, the state in which the original creditor is both incorporated and headquartered.

20. New Hampshire, has a 3 year statute of limitations for breach of contract and account stated.

21. Thus, according to PRA's own Complaint, it had until on or about 12/30/08 to file suit against Mr. Diaz pursuant to CPLR § 202.

22. Upon information and belief, PRA and Malen's filing of time-barred debt in the State Action against Diaz, far from being an isolated instance, is part of a policy and practice pursuant to which Defendants intentionally file time-barred claims knowing that the vast majority of claims filed will result in default judgments or will be contested by unsophisticated pro-se

3

consumers who are unaware of CPLR § 202 and its impact upon the statute of limitations.

23. All pleadings in the state action were signed by Jeffrey Wolstein, Esq. of Malen.

24. Upon information and belief, this action was one of approximately 10,904 consumer collection actions filed by Malen in 2009 in the New York City's Civil Courts.

25. Mr. Wolstein name is one of only three Malen attorney's listed on the signature block of the Complaint.

26. Upon information and belief, Mr. Wolstein signed thousands of Complaints filed in the New York City Civil Courts in 2009. Indeed, upon information and belief, Mr. Wolstein signed significantly more than 1/3 of the approximately 10,904 Complaints filed in New York City's Civil Courts by Malen in 2009.

27. In addition to its prodigious filings in the New York City Civil Courts, Malen filed at least approximately 2000 additional Complaints in other Civil Courts (and their analogs) throughout New York State.

28. Upon information and belief, Mr. Wolstein signed significantly more than 1/3 of these approximately 2,000 or more Complaints filed in New York State Civil Courts outside of New York City.

29. Indeed, because these figures do not include any filings in Nassau (state) District Court, the state court jurisdiction in which Malen's main office is located, nor any filings in the many Courts whose dockets are not listed on ECOURTS, the actual number of consumer collection filings by Malen in 2009 was, on information and belief, significantly higher than 13,000.

30. Upon information and belief, Mr. Wolstein did not meaningfully review the Complaint filed against Mr. Diaz, and the facts alleged therein, prior to signing same and causing it to be filed with the Kings County Civil Court.

4

31. Upon information and belief, Mr. Wolstein's failure to review Mr. Diaz' Complaint prior to filing it, far from an anomaly, is part of the business plan developed by Defendants, who have found that meaningful pre-filing review is not as profitable as submission of pleadings without review, in light of the fact that the overwhelming majority of consumer collection actions are won on default or against unsophisticated pro-se litigants who are, as a practical matter, incapable of meaningfully challenging even the most deficient, boilerplate consumer collection pleading.

32. Although he was not properly served, Mr. Diaz filed a pro se Answer in the State Action timely.

33. On May 11, 2010, Mr. Diaz, represented by Schlanger & Schlanger, LLP, entered into a Stipulation with opposing counsel in the State Action, allowing Mr. Diaz to amend his Answer on Consent.

34. On June 10, 2010, Mr. Diaz, by and through counsel, filed both an Amended Answer and a Motion to Dismiss, inter alia, on grounds that PRA had failed to obtain personal jurisdiction over Mr. Diaz; that he did not owe PRA any money; and that, pursuant to CPLR § 202, the action was, on its face, time barred.

35. On June 17, 2010, counsel for the parties entered into a Stipulation of Discontinuance, pursuant to which PRA dismissed its claims against Mr. Diaz with prejudice.

36. One or both Defendants also knowingly reported false information regarding the alleged debt to the credit bureaus. Specifically, the debt was falsely reported to both Transunion and to Experian as having been "Opened" in April, 2007.

37. This information, which was verified by one or both Defendants in May, 2010, was known by Defendants to be false at the time it was communicated to Transunion and Experian,

5

and is flatly inconsistent with the allegation made in the State Court Complaint filed by Malen on behalf of PRA, which alleges that Mr. Diaz defaulted in December, 2005.

38. On information and belief, one or both Defendants have a policy and practice of falsely listing the date consumer accounts are "opened" with the credit bureaus, including Transunion and Experian.

39. Specifically, on information and belief, one or both Defendants systematically lists accounts as having been opened significantly later than is, in fact, the case in order that the listing will remain on the consumer's report for longer than the statutorily allowed period, and thus increase Defendants' leverage over consumers such as Mr. Diaz.

## FIRST CAUSE OF ACTION

### The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA")

40. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

41. By undertaking the above referenced collection activities Defendants repeatedly violated 15 U.S.C. 1692 *et seq.*

42. Specifically and without limitation: Defendants violated the FDCPA by:

   a. Collecting, threatening and/or attempting to collect on a time-barred debt, whose statute of limitations had clearly already run, in violation of §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

   b. Filing a Complaint against Mr. Diaz in the State Action that was deceptive and misleading in that it was signed by an attorney but was not in fact meaningfully reviewed by an attorney, in violation of §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f.

   c. Reporting and verifying to Experian, Transunion and/or others that Mr. Diaz's account had been opened in April 2007 when Defendants knew that the account had been

6

opened significantly earlier, having inter alia, alleged in the State Action that the Account was in default in December 2005, in violation of §§ 1692e, 1692e(8), 1692e(10), and 1692f.

  d. Taking legal action against Mr. Diaz when it knew or should have known that there was no factual basis for its action, without conducting the minimum due diligence required under New York law regarding frivolous pleadings, and misstating the amount, character and/or legal status of Mr. Diaz' debt, in violation of §§ 1692e, 1692e(2), 1692e(5), and 1692e(10), 1692f, and 1692f(1),

43. As a result of these violations of the FDCPA, Plaintiff has suffered pecuniary and non-pecuniary harm,

44. Mr. Diaz's actual damages include, without limitation, sleep deprivation, stomach pains, anxiety, and difficulty in performing his work.

45. Mr. Diaz has also suffered damage to his credit history and credit report. For example, in April, 2010, Mr. Diaz was rejected for a co-op mortgage in whole or in part because the Portfolio Recovery Associates, LLC lawsuit was listed on his credit report.

46. Mr. Diaz' damages also include the cost of retaining counsel to defend and dismiss the State Action.

47. As a result of these violations, Mr. Diaz is also entitled to statutory damages of up to $1,000, actual damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION

### NYGBL § 349 (Deceptive Acts and Practices Unlawful)

48. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

49. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

50. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public. Specifically, and without limitation, each of the four unfair and deceptive practices listed above in Paragraph 42 (a) through (d) is a recurring practice that Defendants have taken, not just against Mr. Diaz, but against large numbers of consumers as part of a policy and practice that is designed and has the effect of increasing Defendants' profits by increasing the number of consumer accounts handled, lowering the cost of handling each account, and increasing Defendants' success rate with regard to consumer accounts.

51. Each of Defendants' deceptive acts, by their nature, involve a material misrepresentation.

52. As a result of these violations of NYGBL §349, Plaintiff has suffered pecuniary and non-pecuniary harm, including but not limited to, the costs of defending the State Action, and is therefore entitled to actual damages, punitive damages of up to $1,000, attorney's fees and costs.

53. Mr. Diaz's actual damages include, without limitation, sleep deprivation, stomach pains, anxiety, difficulty in performing his work, damage to his credit, and the cost of retaining counsel to defend and dismiss the State Action.

### THIRD CAUSE OF ACTION

### Judiciary Law § 487
### (Against Malen Only)

54.   Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

55.   Upon information and belief, Malen was guilty of deceit in the State Action.

56.   Malen perpetrated this deceit with intent to deceive the state court, and Mr. Diaz.

57.   Specifically, upon information and belief, and as reviewed above, Mr. Wolstein of Malen knowingly and falsely represented that he had meaningfully reviewed and made reasonable inquiry into the Complaint filed against Mr. Diaz in the State Action and the facts alleged therein, prior to filing the Complaint with the Court.

58.   Malen likewise knowingly falsely represented that the action, which was time barred according to the allegations in the State Action Complaint itself, was not frivolous.

59.   These false representations were made under oath.

60.   As a result of these false representations, Mr. Diaz has suffered damages including but not limited to sleep deprivation, stomach pains, anxiety, difficulty in performing his work, damage to his credit and the cost of retaining counsel to defend and dismiss the State Action.

61.   Malen's false representations are, as described above, part of a larger, recurring policy and practice that is designed and has the effect of increasing Malen's profits by increasing the number of consumer accounts handled, and lowering the cost of handling each account.

62.   Mr. Diaz is entitled to treble his damages as a result of Malen's violations of Judiciary Law § 487, reasonable attorney's fees, and costs.

**WHEREFORE** plaintiff respectfully requests that this Court award:

   a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that

9

Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

b. On the SECOND CAUSE OF ACTION (NYGBL §349), actual damages, three times the actual damages up to $1000, costs and reasonable attorney's fees pursuant to NYGBL §349(h);

c. On the THIRD CAUSE OF ACTION (JUDICIARY LAW § 487)(AGAINST MALEN ONLY), treble damages, costs, and reasonable attorney's fees; and

d. Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: September 17, 2010
       White Plains, New York

                                              Respectfully Submitted,

                                              Daniel A. Schlanger, Esq. (ds-9330)
                                              Schlanger & Schlanger, LLP
                                              1025 Westchester Ave., Suite 108
                                              White Plains, NY 10604
                                              Ph: 914-946-1981
                                              Fax: 914-946-2930
                                              daniel@schlangerlegal.com