# EXHIBIT B

MARY ANNE LEHMANN
WILLIAM C. PELELLA
ROBERT C. MURPHY
CITY COURT JUDGES



CATHERINE R. MALONEY
CHIEF CLERK
SHERRY L. BAKER
DEPUTY CHIEF CLERK

BINGHAMTON CITY COURT
GOVERNMENTAL PLAZA, 38 HAWLEY STREET
BINGHAMTON, NEW YORK 13901
TELEPHONE 607-772-7006
FAX 607-772-7041

November 4, 2005

Dennis Malen, Esq.
Malen & Associates, P.C.
123 Frost Street
Westbury, New York 11590

Re: <u>Portfolio Recovery Services, LLC vs. Orlando Fiori</u>
    Index No. C60427

Dear Mr Malen:

    Enclosed please find the Decision and Order of the Court in regards to the matter listed above.

                                             Very truly yours,

                                    HON. MARY ANNE LEHMANN
                                    CITY COURT JUDGE of BINGHAMTON

MAL:cq
Enc.
cc: Orlando Fiori
    746 Prescott Avenue
    Endicott, New York 13760

```
STATE OF NEW YORK  :  COUNTY OF BROOME
CITY COURT         :  CITY OF BINGHAMTON
- - - - - - - - - - - - - - - - - - - - -

       PORTFOLIO RECOVERY SERVICES, LLC,

                     Plaintiff

                -vs-                        D E C I S I O N
                                                 A N D
       ORLANDO FIORI,                        O R D E R

                     Defendant              Index No. C60427

- - - - - - - - - - - - - - - - - - - - -
```

### PRELIMINARY STATEMENT

The Plaintiff commenced this action against the Defendant on November 11, 2004, by personal service of a Summons and Complaint on the Defendant. The claim against the Defendant is based upon a revolving credit loan agreement to Defendant which is alleged that the Defendant owes the Plaintiff the sum of $3,138.08 plus interest of $1,517.37 from June 8, 1999 for a total of $4,655.45 plus interest from October 20, 2004.

The Defendant wrote to Plaintiff's attorneys on November 18, 2004 in response to the Summons and Complaint, in which he acknowledges the debt and payments thereon, but explains that financial hardships and illness have prevented him from making payments.

PORTFOLIO RECOVERY ASSOCIATES, LLC VS                               2
ORLANDO FIORI
DECISION AND ORDER, C60427

    On August 24, 2005, Plaintiff's attorneys served upon the Defendant the present motion for Summary Judgment pursuant to Section 3212 of the CPLR. Defendant appeared on the return date of the motion and was granted additional time by the Court to respond, in writing, to the motion. On October 7, 2005, the Defendant wrote to the Court, explaining that he could not hire an attorney to represent him, but said that after consulting with an attorney, he felt that the "statute of limitations" on the debt expired on June 8, 1999.

## CONCLUSIONS OF LAW

    Upon review of the motion papers, the pleadings herein and the various submissions by the parties, the Court finds that the Plaintiff has complied with the requirements that it establish a prima facie case as to the causes of action alleged. The debt due, as claimed in the Complaint, pursuant to the loan agreement between the parties, is not denied by Defendant. The Court finds no merit to the alleged defense of the statute of limitations set forth by Defendant. Defendant alleges no specific facts upon which the Court can base such a defense. Pursuant to section 213(s) of the CPLR, the statute of limitations on this transaction is six years. The action was

PORTFOLIO RECOVERY ASSOCIATES, LLC VS                                3
ORLANDO FIORI
DECISION AND ORDER, C60427

commenced on October 11, 2004. The statements mailed to Defendant show a payment made by him on June 7, 1999, in the sum of $50, which is within the six year limitation of time set forth in the statute, prior to commencement of the action.

Defendant also hints at the fact that he was not served with the Summons and Complaint in this matter, but his timely response after such service, which was also filed with this Court in a letter received on November 18, 2004, demonstrates his actual receipt of the Summons and Complaint, and in addition his tacit admission of liability to the Plaintiff.

Upon a motion for summary judgment, the court must view the facts from two aspects. The first is whether the moving party has presented sufficient facts to support a judgment in its favor, and if so, the second is whether the opposing party had presented sufficient facts to create an issue of fact to be resolved at trial. CPLR §3212(b); Friends of Animals, Inc. v. Associated Fur Manufacturers, Inc., 46 NY2d 1065 (1979); Holtz v. Niagara Mohawk Power Corporation, 147 AD2d 857 (3rd Dept. 1989). Thus, the moving party must establish by its proof that no triable issue of fact exists and that, as a matter of law, the moving party is entitled to a favorable judgment. Cugini v. System Lumber Co., Inc., 111 AD2d 114 (1st Dept. 1985), app. dism'd. 65 NY2d 1053 (1985). The burden on the responding

PORTFOLIO RECOVERY ASSOCIATES, LLC VS
ORLANDO FIORI
DECISION AND ORDER, C60427

4

party to create a factual issue is less heavy than that on the movant to show that no triable issues of fact exist. Friends of Animals, Inc., supra. The opponent to the motion need only show that there exists a real issue of fact. M.W. Zack Metal Company v. Federal Insurance Company, 17 AD2d 141 (1st Dept. 1962), aff'd. No op. 13 NY2d 952 (1963). In order to defeat the motion for summary judgment the defendant "must assemble and lay bare affirmative proof to establish that the matters are real and capable of being established upon a trial." DelGiacco v. Noteworthy Company, 175 AD2d 516, 517 (3rd Dept. 1991); Marine Midland Bank, NA v. Cafferty, 174 AD2d 1002 (3rd Dept. 1988). The court's role is one of issue finding and not issue determination. Super v. Abedazim, 108 AD2d 1040 (3rd Dept. 1985).

The Plaintiff has met it's burden and inability to pay the debt does not constitute a triable issue.

As a result, the Court grants Summary Judgment to the Plaintiff herein for the sum of $3,138.08 plus interest at 9% from June 8, 1999 to October 20, 2004, together with interest thereon from October 20, 2004, plus the cost and disbursements of the action.

The Plaintiff has two weeks from the date of this decision to submit an order.

PORTFOLIO RECOVERY ASSOCIATES, LLC VS
ORLANDO FIORI
DECISION AND ORDER, C60427

5

Dated: November 7, 2005

_____
HON. MARY ANNE LEHMANN
CITY COURT JUDGE of BINGHAMTON

cc: Dennis Malen, Esq.
    Malen & Associates, P.C.
    Attorney for Plaintiff
    123 Frost Street
    Westbury, New York 11590

    Orlando Fiori
    746 Prescott Avenue
    Endicott, New York 13760-2149