# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

---

PORTFOLIO RECOVERY ASSOCIATES, LLC,

            Plaintiff,

                                **DECISION and ORDER**

-against-                           Index No.:05-1028

                                RJI No.: 55–05-01649

SANFORD TABIN,

            Defendant.

---

APPEARANCES:

**MALEN & ASSOCIATES, P.C.**
Attorneys for Plaintiff
(Timothy Murtha, Esq.)
123 Frost Street
Westbury, New York 11590

**SANFORD TABIN**
Defendant Pro Se
P.O. Box 119
Rosedale, New York 12472

**JOHN C. EGAN, JR., J.:**

        Plaintiff commenced this action against defendant on March 21, 2005, to recover monies

owed due to defendant's failure to pay off his Sears credit card account. Defendant moves

pursuant to CPLR 3212 for an order granting summary judgment in his favor on grounds that the

action is barred by the six year statute of limitations set forth in CPLR 213. Plaintiff opposes the

motion and cross moves for an order granting it summary judgment and awarding it $2, 901.71,

plus interest at the rate of 9.00% from May 5, 2002.

Based on the Court's review of the matter, the Court finds first that the action is not barred by the statute of limitations. It is undisputed that the last payment defendant made on the account was May 18, 2001. This action was commenced on March 21, 2005. Since plaintiff had six years or until May 18, 2007, to commence this action, the commencement of the action on March 21, 2005, was timely. See CPLR 213.

Accordingly, defendant's motion to dismiss the complaint is denied.

As for plaintiff's cross motion, plaintiff has demonstrated that it is entitled to the judgment it seeks. Defendant, on the other hand, has failed to raise any issues of fact that would require that the cross motion be denied. *Zuckerman v. City of N.Y.*, 49 N.Y.2d 557, 562 (1980). In particular, although defendant contends that the matter was settled about 9 years ago, he offers no proof that would raise an issue of fact in this regard. In fact, despite contending that the matter was settled in 1996 or 1997, defendant does not dispute that he made a payment on the account on May 18, 2001. In addition, defendant admits that he never paid a disputed charge on his Sears credit card account. Tellingly, defendant states that he cannot remember why he disputed the charge.

To the extent that defendant contends that he was never served with the summons and complaint and therefore there is no jurisdiction over him, the Court finds that this affirmative defense, as pled in his answer that was served on January 12, 2006, was waived when defendant failed to file a motion to dismiss the complaint within sixty days after serving the answer. See CPLR 3211(e). In fact, defendant's motion for summary judgment was not even filed until June 9, 2006, well beyond the sixty day time period. Hence, when viewing the record in a light most favorable to defendant [*Foresite Properties Inc. v. Halsdorf*, 172 A.D.2d 929 (3rd Dep't 1991)], the Court finds that defendant has failed to lay bare his affirmative proof to raise a genuine issue

2

of fact concerning a defense to the action. *Zuckerman v. City of N.Y.*, supra.

Accordingly, plaintiff's cross motion is granted. Plaintiff is awarded $2,901.71, plus interest at the rate of 9.00% from May 5, 2002, together with costs and disbursements, and plaintiff shall have judgment therefore. Plaintiff is directed to submit a judgment to the Court at 50 Chapel Street, Albany, New York 12207, on notice to defendant within 10 days of the date of this decision and order.

This memorandum shall constitute both the decision and the order of the Court. All papers, including this decision and order, are being returned to plaintiff's counsel. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relating to filing, entry and notice of entry.

IT IS SO ORDERED.

Dated: July, 12, 2006.
Albany, New York

JOHN C. EGAN, JR., J.S.C.

The Court considered the following papers:

**By Plaintiff:**
Notice of Motion dated June 15, 2006;
Affirmation in Opposition of Timothy Murtha, Esq., dated June 15, 2006, with exhibits;
Affidavit of Elaine Lark sworn to June 15, 2006;

**By Defendant:**
Notice of Motion dated June 9, 2006;
Affidavit of Sanford Tabin sworn to June 9, 2006, with exhibits.

3