# EXHIBIT D

## DECISION AND ORDER

To commence the statutory
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this Order,
with notice of entry, upon all
parties.

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, WESTCHESTER COUNTY

Present:  HON. MARY H. SMITH
          Supreme Court Justice

------------------------------------------X
PORTFOLIO RECOVERY ASSOCIATES, LLC,             MOTION DATE:10/13/06
                                                INDEX NO. 5334/06
                    Plaintiff,

        -against-

PETER AVALONE,

                    Defendant.
------------------------------------------X

The following papers numbered 1 to 7 were read on this motion by plaintiff for summary judgment on its complaint.

                                                      **Papers Numbered**

Notice of Motion - Affirmation (Murtha) - Exhs. (A-D)[1]  . . . . . . 1 - 3
Answering Affirmation (Clair) - Exh. . . . . . . . . . . . . . . . . . 4 - 5
Replying Affirmation (Murtha) - Exhs. (Collectively) . . . . . . 6 - 7

Upon the foregoing papers, it is Ordered and adjudged that this motion is disposed of as follows:

This action is brought to recover the unpaid balance owing by

---

[1] Counsel is referred to this Part's Rules which require separately tabbed exhbits.

defendant on a credit card. Plaintiff's motion for summary judgment is granted. The Clerk is directed to enter judgment in plaintiff's favor as against defendant in the sum of $53,634.64, together with interest at the rate of 16.99 percent from June 13, 2003, plus costs and disbursements.

Plaintiff prima facie has demonstrated entitlement to judgment on its breach of contract claim based upon the submission of the copy of the credit card agreement and unrefuted proof of defendant's use thereunder, which use constituted acceptance of the terms thereof, and his subsequent default thereunder. See MBNA America Bank, N.A. v. Paradise, 285 A.D.2d 586 (2nd Dept. 2001); Direct Merchants Credit Card Bank v. Ugweches, 4 Misc.3d 140(A) (N.Y. Sup. App. T. 2004); Portfolio Recovery Associates, LLC v. Dorsainvil, 2003 WL 219747 (N.Y. Sup. App. T. 2003); cf. Layden v. Boccio, 253 A.D.2d 540 (2nd Dept. 1998); Mintz v. Dallek & Zaret Associates Ltd., 120 A.D.2d 654 (2nd Dept. 1986), app. den. 68 N.Y.2d 611 (1986); North Fork Bank and Trust Co. v. Cardiff Rose Enterprises, 104 A.D.2d 932, 933 (2nd Dept. 1984).

It was thus incumbent upon defendant to assert a viable defense or raise a triable issue of fact relating to his default on the credit card agreement which warrants denial of judgment in plaintiff's favor as a matter of law. See Marine Midland Bank, N.A. v. Freedom Road Realty Associates, 203 A.D.2d 538 (2nd Dept.

1994); Village Bank v. Wild Oaks Holding, Inc., 196 A.D.2d 812 (2nd Dept. 1993); Marton Associates v. Vitale, 172 A.D.2d 501, 502 (2nd Dept. 1991). This he has failed to do.

Initially, the Court agrees with plaintiff that defendant's opposition papers were untimely served pursuant to CPLR 2214, subdivision (b). In the absence of any proffered excuse for the untimeliness, it would be an improvident exercise of this Court's discretion to consider the opposition papers. See Mosheyeva v. Distefano, 288 A.D.2d 448 (2nd Dept. 2001); Risucci v. Zeal Management Corp., 258 A.D.2d 512 (2nd Dept. 1999).

In any event, defendant's opposition consists solely of an attorney's affirmation. The affirmation of an attorney who does not have personal knowledge and which is unsupported by factual proof is insufficient to raise questions of fact sufficient to defeat summary judgment. See Lewis v. Safety Disposal System of Pennsylvania, Inc., 12 A.D.3d 324, 325 (1st Dept. 2004); Siagkris v. K & E Mechanical, Inc., 248 A.D.2d 458 (2nd Dept. 1998).

Moreover, the opposition attorney's argument is substantively wanting. Not only does he fail to address therein plaintiff's arguments with respect to the lack of merit to the interposed defenses of no personal jurisdiction and the Statute of Frauds, which defense silence must be construed as an admission as to the correctness of plaintiff's presentation of the facts and the legal

arguments thereon, see Kuehne & Nagel, Inc. v. F. W. Baiden, 36 N.Y.2d 539, 544 (1975); Springer v. Keith Clark Pub. Co., 191 A.D.2d 922 (3rd Dept. 1993), lv. to app. dsmd. 82 N.Y.2d 706 (1993), but defense counsel's sole argument that the Statute of Limitations bars this action is devoid of merit. Even if defendant's interpretation of the computer printout of defendant's account showing a "charge off date" of November 9, 2002, were correct, commencement of the instant action on March 29, 2006, clearly was well within the applicable six years limitation period. Moreover, there is unrefuted proof that defendant had made an additional payment on this account on March 15, 2002, which payment would commence anew the limitation period. See CPLR 206, subd. (d)

Dated: October 18, 2006
       White Plains, New York

                                             WILLIAM E. SHERWOOD
                                                  J.S.C., as Duty Judge

Malen & Associates, P.C.
123 Frost Street
Westbury, New York 11590