# EXHIBIT E



NEW YORK
CITY BAR

Contact: Maria Cilenti - Director of Legislative Affairs - mcilenti@nycbar.org - (212) 382-6655

**REPORT ON LEGISLATION BY THE CONSUMER AFFAIRS AND CIVIL COURT COMMITTEES**

**A.7558-A**
**S.4398-A**

**M. of A. Weinstein**
**Senator Schneiderman**

AN ACT to amend the civil practice law and rules, in relation to consumer credit transactions.

**Consumer Credit Fairness Act**

**THIS BILL IS APPROVED WITH SUGGESTED MODIFICATIONS**

The Civil Court and Consumer Affairs Committees of the New York City Bar Association submit these comments in support of the Consumer Credit Fairness Act (A.7558-A/S.4398-A). This bill would amend the CPLR to ensure that persons who are sued in consumer credit transactions receive the benefit of fair procedures, including, for example, that a debt collector or debt buyer must meet certain pleading requirements before being allowed to proceed. The Committees believe that this legislation is necessary to maintain a basic level of fairness and due process with regard to the adjudication of consumer credit disputes in the Civil, City, District, and County Courts of New York.

**Background**

It is no secret that New York courts are suffering under the exponentially increasing weight of consumer credit litigation. In 2009, for example, 241,195 debt collection lawsuits were filed in New York City alone. These cases are overwhelmingly brought against low- and moderate- income New York debtors, many of whom are elderly or disabled, and nearly all of whom are unrepresented. Approximately 66% of these cases result in "default" judgments – automatic wins for the debt collector because the defendant failed to appear. The consequences of these judgments can be devastating, resulting in frozen bank accounts and garnished wages that prevent New Yorkers from being able to support their families, and destroy their credit, affecting their ability to secure housing, and obtain employment. The Committees have serious concerns about the fairness of these proceedings for several reasons.

First, evidence suggests that defendants rarely receive notice that they are being sued. Many of the process servers hired to serve papers in consumer credit actions engage in "sewer service" – the practice of failing to serve court papers and filing false affidavits of service with the courts. Last year, the New York State Attorney General brought civil and criminal charges against a process service agency that allegedly failed to serve New Yorkers in tens of thousands of cases. The Committees believe that the practices uncovered by the Attorney General are far from unique, but instead are standard practice in consumer credit actions. *See, e.g.,* MFY Legal Services, Justice Disserved (June 2008) (available at http://www.mfy.org/Justice_Disserved.pdf).

Second, a significant number of debt collection cases are filed by debt buyers and not by original creditors. Debt buyer plaintiffs often possess little or no information regarding the underlying debt, the account holder, and the account's payment history, and the information they do have is often inaccurate. In an era when identity theft and mistaken identity are all too common and judgments in consumer debt cases have far-reaching ramifications for consumers with regard to employment, housing and access to credit (among other areas), debtor-defendants need sufficient information and additional protections to ensure that they are being sued for valid claims and are indeed proper parties to the case. These additional protections will also help prevent New York courts from routinely entering default judgments on invalid debts.

Third, while all plaintiffs in consumer credit actions are represented by counsel, 99% of defendants are not. *See, e.g.*, Debt Deception: How Debt Buyers Abuse the Legal System to Prey on Lower-Income New Yorkers (May 2010) (available at http://www.mfy.org/news/reports/DEPT_POLICY_PAPER_FINAL_WEB.pdf). Unrepresented debtor-defendants are at a significant disadvantage. Unknowingly, these defendants routinely waive important defenses such as the absence of personal jurisdiction, the plaintiff's lack of standing to bring the claim, or the statute of limitations. Similarly, unrepresented defendants often have significant questions about the debt for which they are being sued, but do not know that they have the right to ask the plaintiff for proof of its claims. Meanwhile, debt buyer plaintiffs are able to manipulate complicated rules of civil procedure and lax pleading requirements to their advantage.

**Highlights Of The Bill**

The highlights of the proposed legislation are:

1. The requirement of an additional mailing from the court to the debtor-defendant, using a notice and envelope prepared by the plaintiff and submitted to the clerk, before a default could be entered. The legislation specifies the content of the notice and the address to be printed on the envelope. This requirement is similar to the notice requirement already in place in New York City.

2. Actions arising out of consumer credit transactions would be governed by a three-year statute of limitations, and debt collectors would be barred from collecting debts, including the use of mail and phone calls, on which the statute of limitations has expired. As a result of the recent Court of Appeals decision in *Portfolio Recovery Associates, LLC. v. King*, 14 N.Y.3d 410, 2010 WL 1704730 (2010) – which held that an original creditor or a debt buyer cannot apply New York's six-year statute of limitations if the original creditor's home state has a shorter statute of limitations – many of the debt collection lawsuits filed in New York are already subject to a three-year statute of limitations. This comports with the thirty other jurisdictions that have statutes of limitations shorter than New York's. In fact, four of the five largest credit card issuers are located in states subject to three-year statutes of limitations.

3. The bill would provide for additional pleading requirements in consumer credit transaction matters. For example, the plaintiff would need to provide the name of the original creditor, the last four digits of the original account number, the date and amount of the last payment, and an itemization of the amount sought including principal, finance charges, fees, and

other items. The plaintiff would also need to annex a copy of the written contract giving rise to the debt. If the plaintiff is not the original creditor, the complaint must allege the chain of title up to the plaintiff's acquisition of the debt.

4. The bill would additionally specify pleading requirements applicable in proceedings to confirm arbitration awards in consumer credit transactions. The plaintiff would be required to plead the terms of the arbitration agreement and annex the agreement to arbitrate, the demand for arbitration with proof of service, and the arbitration award, with proof of service.

5. The bill would permit defendants to raise lack of personal jurisdiction in their answer and preserve that defense for trial without the necessity of filing a separate motion to dismiss within 60 days as under current law.

6. The bill specifies the evidentiary support required for a debt buyer to obtain a default judgment. Debt buyer plaintiffs would be required to submit an affidavit from the original creditor establishing the existence of the debt and the defendant's default, together with affidavits proving all assignments of the debt, i.e., the chain of title. In addition, the debt collector plaintiff or its attorney would be required to state in an affidavit that based on reasonable inquiry, it has a reasonable belief that the statute of limitations has not expired. Directives of the Civil Court of the City of New York currently require a default application to be accompanied by affidavits proving chain of title and an affidavit attesting that the statute of limitations has not expired.

Abusive debt collection lawsuits exploit current gaps in our state's civil procedure laws and rules, to the detriment of *pro se* defendants. The Consumer Credit Fairness Act helps to fill those gaps. By adopting statewide an additional notice requirement already in place in New York City, it ensures that more New Yorkers will receive notice that they have been sued in a debt collection lawsuit. By requiring court papers to include basic information about a debt, the bill ensures that debtor-defendants will be better able to identify the debt or account on which they are being sued. By specifying the types of affidavits that will be sufficient to support an application for default judgment in a consumer credit case, the act better protects debtor-defendants against default judgments on debts for which the plaintiff does not possess legitimate proof. By reducing the statute of limitations on debt collection lawsuits from six years to three years, and requiring the plaintiff to attest to its reasonable belief that the statute of limitations has not expired, the act encourages creditors to file claims in a timely manner and better protects low- and moderate-income New Yorkers from the unfair and excessive accumulation of interest and fees. The proposed legislation also protects unrepresented defendants from unintentionally waiving the defense that a debt is past the statute of limitations or that they were improperly served.

**<u>Suggested Modifications</u>**

The Committees have a few concerns about the legislation as drafted.

First, in addition to heightening the requirements for applying for a default judgment in consumer credit transactions, we recommend that applications for default judgments in these cases be reviewed by judges, not Court clerks, as is currently the practice, which results in the routine granting of default judgments with deficiencies. Court clerks should not be expected to

determine whether an application meets minimum evidentiary and legal standards. Moreover, the current practice of permitting clerks to review default judgments does not comply with New York law, which allows clerks to do so only when the amount sought in the application is for a "sum certain." Because consumer credit transactions involve contracts with amendments and/or account statements and complicated finance charges, variable interest rates and fees, the amount of most consumer debts is not easily verifiable, which is why judges, not clerks, should review applications for default judgments and the law should be amended.

Second, we believe that it is possible that the shorter statute of limitations and enhanced pleading requirements could be interpreted to apply to private transactions in which one individual makes a personal loan to another. We believe that such an interpretation could unfairly burden private individuals who are seeking to collect debts legitimately owed to them. We would be happy to suggest language for an amendment to avoid this interpretation.

Finally, the use of the term "debt collector" in proposed section 3215(j)'s requirement that a default application be accompanied by an affidavit stating that the statute of limitations has not expired could cause confusion as to whether all plaintiffs must submit such an affidavit. Specifically, the bill would require that the affidavit be submitted by the "debt collector (who may be the plaintiff or the plaintiff's attorney)." All other sections of the legislation use the term "plaintiff" to refer to the party seeking to collect the debt. Good drafting calls for use of the same term unless a different meaning is intended.

Thank you for the opportunity to comment on the Consumer Credit Fairness Act (A.7558-A/S.4398-A). Should you have any questions, please do not hesitate to contact us.

Respectfully submitted,

Janet Ray Kalson
Chair
Civil Court Committee

Annie Ugurlayan
Chair
Consumer Affairs Committee

Reissued May 2010