UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MICHAEL DIAZ                                            :  Civil No. 1:10-CV-3920 (ERK) (CLP)

               Plaintiff,                          :

   v.                                                   :

PORTFOLIO RECOVERY ASSOC., LLC AND        :  FEBRUARY 1, 2011
MALEN & ASSOCIATES, P.C.

                             :

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, MALEN &
ASSOCIATES, P.C.'S MOTION TO DISMISS**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Thomas A. Leghorn
Jill E. Alward
Attorneys for the Defendant,
MALEN & ASSOCIATES, P.C.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 09120.00239

4296006.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X

MICHAEL DIAZ                                    :   Civil No. 1:10-CV-3920 (ERK) (CLP)

           Plaintiff,                          :

     v.                                    :   **REPLY MEMORANDUM OF**
                                                      **LAW IN SUPPORT OF**
PORTFOLIO RECOVERY ASSOC., LLC AND              :   **DEFENDANT, MALEN &**
MALEN & ASSOCIATES, P.C.                            **ASSOCIATES, P.C.'S MOTION**
                                             :   **TO DISMISS**

          Defendants.

                                           FEBRUARY 1, 2011

------------------------------------- X

## **REPLY MEMORANDUM OF LAW IN SUPPORT OF**
## **DEFENDANT, MALEN & ASSOCIATES, P.C.'S,**
## **MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Malen & Associates, P.C. ("Malen"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, hereby submit the following Reply Memorandum of Law in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Despite the breadth of the plaintiff's opposition, it does not address the issue presented in the motion to dismiss; the defendant did not violate the Fair Debt Collection Practices Act ("FDCPA") when it filed a collection action against the plaintiff, a New York resident, within New York's statute of limitations without applying CPLR § 202 where no precedent required the same at that time. The plaintiff's opposition is wrought with references to *Portfolio Recovery Assoc., LLC v. King*, 2010 N.Y. Slip. Op. 3470; 14 N.Y.3d 410 (N.Y. App. April 29, 2010) ("*King*"), which has **no bearing** on the case at bar. *King* was decided after the defendant filed the state court action against the plaintiff. There is no argument made by the plaintiff *dealing with the rule of law at the time the defendant filed its action* against the plaintiff that would or could support a denial of the defendant's motion to dismiss.

4296006.1

Plaintiff contends in his opposing papers that he filed two separate claims; a *Kimber* claim and a *Miller* claim. *See* Plaintiff Opposition at pg. 3. The *Kimber* claim is based on *Kimber v. Federal Financial Corp. d/b/a Regional Accounts Corp.*, 668 F. Supp. 1480 (M.D. Ala. Aug. 18, 1987), a district court case out of the Middle District of Alabama. This case has no relation to the allegations in the case at bar. In *Kimber*, the question was not whether a borrowing statute should or should not have applied, but whether the defendant, who *knowingly* violated the Alabama statute of limitations, violated the FDCPA when it filed an action against the plaintiff. This is not the claim before this court.

In *Kimber*, the statute of limitations violation was clear on its face. The plaintiff in *Kimber* made her last payment on her debt on May 3, 1975 and several phone calls a year were made to collect the debt until sometime in 1979. Almost five years later, in 1984, and nearly ten years after the last payment on her delinquent debt, the defendant attempted to collect the *Kimber* plaintiff's outstanding balance. This is not comparable to the instant case. In this action, the defendant filed its cause of action well within New York's statute of limitations and the plaintiff has provided no support, other than *King*, for the proposition that the defendant was required to apply CPLR § 202.

The plaintiff argues in opposition that the FDCPA prohibits a defendant to file a time-barred suit; however, the plaintiff fails to cite any case in New York, other than *King*, where a court held that the defendant was in violation of the FDCPA where it filed a cause of action against a plaintiff: (1) in the proper jurisdiction; (2) on a credit card debt; (3) within the proper New York statute of limitations; and (4) without applying § 202. Based upon plaintiff's own recitation of the facts, there was no violation of the FDCPA.

2

In support of the plaintiff's opposition that following the FDCPA does not permit the filing of a time-barred claim, the plaintiff cites to *Resurgence Financial, LLC v. Chambers*, 92 Cal. Rptr. 3d 844, 847-48 (Cal. App. Super. 2008) and provides a parenthetical indicating that the case discussed or involved § 1692i. This is inaccurate, at best, and misleading, at worst. *Resurgence Financial* dealt with a California LLC whose predecessor in interest was a Delaware corporation that had a credit card agreement with the plaintiff that contained a Delaware choice of law provision. The *Resurgence Financial* court did not discuss or contemplate 15 U.S.C. § 1692i because: (1) this was not an FDCPA action; (2) the plaintiff was not a Delaware corporation, did not reside in Delaware and could not have legally filed suit in Delaware; and (3) the court was enforcing a choice of law provision to determine the statute of limitations, something New York courts have refused to do.[1] There is no comparison between *Resurgence* and the case at bar and any discussion of it should be disregarded by this court.

The only other case cited by the plaintiff for the proposition that the defendant violated the FDCPA by filing a collection suit against the plaintiff, within New York's statute of limitations but without first applying § 202 is *Insurance Co. of N. Am. V. ABB Power Generation*, 91 N.Y.2d 180, 187-88 (1997). This case is absolutely distinguishable from the case at bar. In *ABB*, the New York courts failed to enforce an arbitration clause which stated that it would be enforced pursuant to New York law where: (1) neither the plaintiff nor the defendant were residents of the State of New York; and (2) the execution of the contract, the performance

---

[1] *See Sears, Roebuck & Co. v. Enco Assoc.*, 43 N.Y.2d 389, 372 N.E.2d 555 (N.Y. App. Dec. 21, 1977) (contractual choice of law provision operated only to import substantive law of chosen state); *see also Education Resources Inst., Inc. v. Piazza*, 17 A.D.3d 513, 794 N.Y.S.2d 65 (2d. Dept. April 18, 2005) ("[T]he law of the forum normally determines for itself whether a given question is one of substance or procedure."); *Tanges v. Heidelberg North Am., Inc.*, 93 N.Y.2d 48, 54, 710 N.E.2d 250, 687 N.Y.S.2d 604 (1999) ("Statutes of Limitation are generally considered procedural because they are '[v]iewed as pertaining to the remedy rather than the right.'" [Citations omitted]); *Seghers v. Olympia Capital*, 2009 N.Y. Slip. Op. 3257OU, 2009 N.Y.Misc. LEXIS 5051 (S.Ct. Nov. 4, 2009) (denying a plaintiff's motion to dismiss in holding that New York courts apply contractual choice of law clauses only to substantive issues); *Sanchez De Hernandez, et al v. Bank of Nova Scotia a/k/a Scotiabank*, 2008 N.Y. Slip. Op. 32689U, 2008 N.Y.Misc. LEXIS 10263 (S.Ct. Sept. 8, 2008) ("In common law jurisdictions, such as New York, matters of procedure, such as statutes of limitations, are governed by the law of the forum[.]").

3

of the contract and the alleged breach of the contract in question all occurred in California.  The court in *ABB* declined to accept a prior interpretation of § 202 and determined that "in the instant case," the California statute of limitations should apply, implying that the application of § 202 differs depending on the facts and circumstances of each case.[2]  At no point, prior to *King,* had any court in New York applied § 202 to the facts of a consumer credit case.

Despite the plaintiff's representation that *King* relied entirely on existing precedent, the plaintiff has not cited, and the defendant cannot find, one instance in which § 202 was applied to a consumer credit action, despite the fact that § 202 "has not changed since 1963."  *See* Plaintiff's Opp. at Pg. 11.  Furthermore, it matters not whether *King* relied entirely on existing precedent as it was decided *after* the defendant filed the action against the plaintiff and cannot be relied upon to prove that the defendant knowingly filed a time-barred complaint.

Plaintiff inaccurately sets forth that our motion to dismiss stands for the proposition that defendant, as a debt collector, is "exempt" from CPLR § 202.  *See* Plaintiff's Opp. at Pg. 2.  The defendant did not argue that debt collectors are or were exempt from § 202.  Rather, we set forth that § 202 was not applied by the courts of New York to consumer credit actions until *King* and therefore amounted to a significant change in the law *as far as consumer collection cases were treated.*

In discussing the retroactive application of the *King* decision, the plaintiff cites to *People v. Favor,* 82 N.Y.2d 254, 263 (1993) for the contention that *King* is not a "new rule," while admitting *"that cases should be decided on the basis of the law as it exists at the time of the decision."*  (Emphasis added) *See* Plaintiff's Opp. at Pg. 11, *citing People v. Favor.*  In

---

[2] *See also Villa & C.S.P.A. v. John A. Steer Co.,* 1994 U.S. Dist. LEXIS 10774 *11 ("when another state's statute of limitation is considered pursuant to CPLR § 202, the party seeking to benefit therefrom bears the burden of proof." *Citing Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d 238, 243 (2d Cir. 1984)); *Heineman v. S&S Machinery Corp.,* 1989 U.S. Dist. LEXIS 16082 *9 ("The factual exploration necessary to determine the applicability of CPLR § 202 is sufficiently discrete and contained to warrant a separate hearing on these issues.")

4

discussing *Favor*, the plaintiff fails to appreciate the citation of several cases wherein the court recognized that retroactivity is not appropriate due to the hardship that it creates for people who trusted in the law as it was stated when making decisions.

The *Favor* court opined "some courts and scholars have recognized that 'judges do in fact do something more than discover law' (*Linkletter v. Walker*, need cite) and that unwavering insistence on retroactivity is 'out of tune with actuality largely because judicial repeal ofttime d[oes] 'work hardship to those who trusted [] its existence'' (*id.*, at 624, *quoting* Cardozo, Address to the NY Bar Assn., 55 Rep. N.Y. St. Bar. Assn. 263, 296-297). Recognizing the pragmatic wisdom of these observations, the courts have been willing to temper what would otherwise be 'an absolute rule of retroaction' and, 'in appropriate cases,' to limit their new rules of law to prospective application." *Favor*, 82 N.Y.2d at 261, *citing Linkletter v. Walker, supra* at 628-29; *see e.g. James v. United States*, 366 U.S. 213; *Great N. Ry. v. Sunburst Co.*, 287 U.S. 358, 364; *People v. Mitchell*, 80 N.Y.2d 519.

The *Favor* court further opined "a "new" rule may be created when "there has been such a sharp break in the continuity of law that its impact will 'wreak more havoc in society than society's interest in stability will tolerate.'" *Favor*, 82 N.Y.2d at 263, *citing Gager v. White, supra*, at 483, *quoting* Fairchild, *Limitation of New Judge-Made Law to Prospective Effect Only: "Prospective Overruling" or "Sunbursting,"* 51 Marq. L. Rev. 254. "Of course, a judicial holding overruling established precedent should, in most instances, be considered a "new" rule[.]" *Favor*, 82 N.Y.2d at 263, *citing Graham v. Collins*, 506 U.S. at ___, 113 S. Ct., at 897-898, 122 L. Ed. 2d, at 269-70, *supra; Chevron Oil Co. v. Huson*, 404 U.S. 97, 1067-107, cited with approval in *Gurnee v. Aetna Life & Cas. Co.*, 55 N.Y.2d 184, 192, *supra.* "Finally, a departure from the general rule of retroactive application may be warranted where a court's

5

recent holding 'represented a dramatic shift away from customary and established procedure.'" *Favor*, 82 N.Y.2d at 263, *citing People v. Mitchell, supra*.

Until *King* was decided, it was customary and established procedure to file consumer credit collections complaint within New York's six year statute of limitations while following the requirements of 15 U.S.C. § 1692i. The defendant presented this court with evidence of the commonly established procedure in its initial motion to dismiss and the plaintiff has failed to provide any evidence, other than the *King* decision and briefs submitted in support of *King*, for the proposition that filing consumer credit claims within New York's six year statute of limitations was not the accepted practice when the State Action was filed against the plaintiff. *King* represented a dramatic shift away from this customary practice and the application of § 202. As such, even the *Favor* court would likely find that *King* was "new law" and it should have no retroactive application.

The plaintiff argues in opposition that his *Miller* claim, which is premised on *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86 (E.D.N.Y. 2009) (*Miller III*), is independent of his *Kimber* claim. In so doing, the plaintiff recites the allegations in the complaint and argues that even if the *Kimber* claim fails, the *Miller* claim should survive. This is not supported by the allegations in the plaintiff's complaint and misapplies the facts in *Miller*.

In *Miller*, the only question that was remanded by the Second Circuit to the District Court for further development of the factual record was "whether or not Wolpoff and UCS had conducted a sufficiently meaningful review of Miller's file as implied by the debt-collection letters sent to Miller and are required under the FDCPA § 1692a." *Id*. at 87. The plaintiff in *Miller* basically was arguing that the firms were using law firm letterhead without any attorney involvement. The holding in *Miller* is limited as was explained by the court in its holding "the

6

4296006.1

Court's inquiry focuses not upon general procedure, but upon the sufficiency of the attorney's independent review of a *particular* case prior to the issuance of a debt collection letter."

*Miller I*, which is mentioned in the plaintiff's brief but not cited, also predated the Second Circuit's decision in *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2005). *See Miller v. Wolpoff & Abramson, L.L.P, et al*, 321 F.3d 292, 304 (2d Cir. 2003). In *Greco*, the Second Circuit held that a law firm could avoid the *Miller* issue if a legend was employed on the letter to say that a layer was not meaningfully involved in its preparation and is not signed by a lawyer. This case, however, has no allegations concerning collection letters and any reference to *Miller* is completely misplaced.

The plaintiff's attempt to expand the holding in *Miller* to include the facts and circumstances of the case at bar is misplaced and fails to recognize, once again, the state of the law in New York and its application to the issue presented in this case: whether the defendant violated the FDCPA when it filed a timely New York action against the plaintiff without first applying CPLR § 202. The inclusion of an alleged *Miller* claim by the plaintiff is propounded for no purpose other than an attempt to confuse the issues in this case and attempt to overcome the total lack of a legitimate argument to forestall of the action. The plaintiff cannot and does not cite to any case, except for *King*, for the proposition that under the facts presented *in this case* any court would or could find that there was a violation of the FDCPA in this case.

The misapplication of the facts in *Miller* and the complete failure of the plaintiff's *Kimber* claim provides a solid basis for granting the defendant's motion to dismiss this action in its entirety, including the plaintiff's claims of violations of NYGBL § 349 and Judiciary Law § 487, which are wholly premised on the failure to apply CPLR § 202 where no precedent required the same.

7

**CONCLUSION**

For the foregoing reasons, defendant respectfully requests that this Court grant its Motion to

Dismiss the plaintiff's Complaint.

Dated:    New York, New York
           February 1, 2011

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____

Thomas A. Leghorn
Jill E. Alward
Attorneys for the Defendant,
MALEN & ASSOCIATES, P.C.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 09120.00239

8

4296006.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604

Thomas A. Leghorn

9

4296006.1