UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X

| | |
|---|---|
| MICHAEL DIAZ | : Civil No. 1:10-CV-3920 (ERK) (CLP) |
| Plaintiff, | : |
| v. | : |
| PORTFOLIO RECOVERY ASSOC., LLC AND MALEN & ASSOCIATES, P.C. | : MARCH 29, 2012 |
| | : |
| Defendants. | |

------------------------------------- X

## OBJECTION TO REPORT AND RECOMMENDATION

The defendant, Malen & Associates, P.C., respectfully submits its objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, to the February 28, 2012 Report and Recommendation ("Report & Recommendation") of the Honorable Cheryl L. Polak, United States Magistrate Judge in four separate respects (described more fully below). The matters addressed in the Report & Recommendation were referred to Magistrate Judge Polak pursuant to this Court's September 27, 2011 order of reference.

## SUMMARY OF OBJECTIONS

The defendant objects to the Report & Recommendation as follows:

1. The Report & Recommendation, for unspecified reasons, mistakenly states that for the Court to consider the defendant's motion to dismiss, discovery is needed. This position is put forward by the Report & Recommendation despite the fact that the defendant's motion to dismiss is based solely on issues of law related to the uncontested facts alleged in the plaintiff's complaint.

2. With respect to New York's Borrowing Statute found in CPLR § 202 (hereinafter "CPLR § 202"), the Report & Recommendation addresses the history and text, but fails to address the applicability of CPLR § 202 to cases such as the State Court Action, despite the fact that the Trial Court and the Appellate Division, Third Department in *Portfolio Recovery Assoc., LLC v. King*, 2008 N.Y. Slip. Op. 8045, 55 A.D.3d 1074 (3d Dep't, Oct. 22, 2008) (hereinafter "*King I*"), both agreed with the law firm's position that the statute of limitations on a consumer credit transaction was six years prior to the Court of Appeals reversal in *Portfolio Recovery Assoc., LLC v. King*, 2010 N.Y. Slip. Op. 3470, 14 N.Y.3d 410 (N.Y. App. April 29, 2010) (hereinafter "*King II*").

3. With respect to violations of the Fair Debt Collection Practices Act ("FDCPA") and New York General Business Law § 349 (NYGBL § 349) for meaningful review the Report & Recommendation was in error because:

    a. The Report & Recommendation expands the reading of *Miller I* and *Miller III* which addressed only form collection letters not litigation and pleadings, which have previously been held *not* to be "communications" under the FDCPA;

    b. Meaningful involvement is a concept that protects consumers from being mislead to believe that a lawyer was meaningfully involved in a collection matter when they were not. The Report & Recommendation lost sight of this distinction and brought into the decision facts beyond the pleadings and from sources not part of the record or otherwise contained within admissible evidence, including amicus briefs filed by "two Committees" of the New York City Bar in *King II*; and

    c. The Report & Recommendation fails to consider that *prior to King II*, Attorney Wolstein was following the New York statute of limitations for a collection suit on the basis of

2

4965037v.1

breach of contract (*See* CPLR § 213), which was followed by all, if not most, courts in New York, including the Trial Court and the Appellate Division, Third Department in *King I*.

4. With respect to Judiciary Law § 487, the Report & Recommendation improperly expands the allegations in the Complaint and fails to address the defendant's arguments that the actions taken by Attorney Wolstein were not "intentional" in light of New York's six year statute of limitations and the lack of *any* prior case law applying CPLR § 202, to a consumer collection matter prior to *King II*.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

The Court's attention is respectfully directed to pages 2-5 of the Report & Recommendation for a description of the plaintiff's factual allegations. The defendant, pursuant to Rule 12(b)(6), did not and does not contest all well-pleaded facts in the plaintiff's complaint, but attacks the same solely on issues of law.

## ARGUMENT

### I.   Standard of Review of Magistrate's Report and Recommendation

Under 28 U.S.C. § 636(b)(1)(B) a district court judge may designate a magistrate judge to submit proposed findings of fact and recommendations on dispositive motions in a pending case. The district court is not bound by the recommendation of the magistrate judge, rather it may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). However, the parties have an opportunity to object to the magistrate judge's proposed findings, and upon the filing of timely objections, the district judge must conduct a *de novo* review of the magistrate judge's Report and Recommendation "upon the record, or after additional evidence," but only as to those portions of the report and recommendation to which the party objects. *Id.*; Fed. R. Civ. P. 72(b);

*see also Collins v. Foreman*, 729 F.2d 108, 112 (2d Cir. 1984), *cert. denied*, 469 U.S. 870, 105 S. Ct. 218, 83 L.Ed 2d 148 (1984). The district court is not required to conduct a *de novo* hearing, but must arrive at its own independent conclusion about those portions of the magistrate judge's Report and Recommendation to which the objection is made. *East River Sav. Bank v. Secretary of Housing and Urban Dev.*, 705 F. Supp. 448 (S.D.N.Y. 1988). Finally, although *de novo* review requires that the district court independently consider and arrive at its own conclusions about those portions of the magistrate judge's Report and Recommendation to which the objection is made, the district court need not specifically articulate all of its reasons for rejecting a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986); *United States v. Larson*, 760 F.2d 852, 857 (8th Cir. 1985), *cert. denied*, 474 U.S. 849, 106 S. Ct. 143, 88 L. Ed. 2d 119 (1985); *see e.g., Niagra Mohawk Power v. Tonawanda Band*, 862 F. Supp. 995, 997-98 (W.D.N.Y. 1994).

## II. The Legal Standard Applicable to Rule 12(b)(6) Motions

The legal standard for a motion to dismiss is stated on pages 5-7 of the Report & Recommendation; however, the defendant does not believe that the legal standard was followed in this case and therefore reiterates the standard for a Rule 12(b)(6) motion herein.

When considering a defendant's Rule 12(b) motion to dismiss, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Raila*, 355 F.3d at 119. A Rule 12(b)(6) motion to dismiss thus challenges the legal sufficiency of the Plaintiff's averments and should be granted when "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Put another way, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive

4

issue of law," *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989), and granting a Rule 12(b)(6) motion to dismiss is considered a ruling on the merits of the Plaintiff's claims, *see Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006).

### III. The Report & Recommendation Assumes Facts Outside of the Plaintiff's Complaint, Despite the Defendant's Arguments Based Solely on Issues of Law

The arguments made in the defendant's motion to dismiss were based solely on issues of law to be decided on the *undisputed facts* outlined in the plaintiff's complaint. The Report & Recommendation, however, not only assumes facts outside of the plaintiff's complaint, but references discovery or the lack thereof in denying the motion to dismiss. This is improper under Rule 12(b)(6). When reviewing a 12(b)(6) motion to dismiss, it is appropriate for the court only to determine the legal sufficiency of the complaint and not to weigh the evidence that may be presented at trial. *See Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). As such, the Court may only consider the information contained within the four corners of the complaint, including "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference[.]" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

The Report & Recommendation states in pertinent part: "Plaintiff contends here, even though there has been no discovery in this case, he has collected enough data to suggest that defendant engaged in 'precisely the sort of mass robo-filing of thousands of boilerplate collection complaints by a law firm with a small number of lawyers' that the Miller III court 'found problematic.'" *See* Report & Recommendation at pg. 25. Based on these "contentions," the Report & Recommendation goes on to find that "[g]iven that the parties have not engaged in

4965037v.1

any discovery whatsoever, the Court respectfully recommends that plaintiff's FDCPA claims not be dismissed for failure to state a claim." *Id.* at 25-26. This "finding" and the reference to discovery is patently improper for two reasons. First, there is no mention of "robo-filing" anywhere within the plaintiff's lengthy compliant. Secondly, the questions presented in the defendant's motion to dismiss relative to the FDCPA were issues of law to be resolved on the uncontested facts of the complaint. Any reference to or requirement that "discovery" be had is inapplicable in ruling on a Rule 12(b)(6) motion and for this reason alone, the Report & Recommendation should be rejected.

The Report & Recommendation wrongfully attempts to break down the number of complaints allegedly signed by Attorney Wolstein by stating that "[i]f correct, plaintiff's figures suggest that Mr. Wolstein reviewed and filed 12 complaints a day, assuming he worked 356 (*sic*) days a year. If so, it is difficult to understand how he then was able to undertake the work necessary to pursue these claims in court, file motions and collect on the numerous default judgments that were awarded." *See* Report & Recommendation at pg. 25, fn. 8. None of these purported facts contained in this statement can be found in the plaintiff's complaint, making them nothing more than assumptions outside of the record in this matter in clear violation of the standard for granting and/or denying a motion to dismiss under Rule 12(b)(6).[1]

Additionally, the Report & Recommendation is melding two concepts into one and coming to an erroneous conclusion. The Court's improper introduction of facts beyond the pleadings, making an unsubstantiated finding of fact as to 12 pleadings a day is, once again, incorrectly applying a meaningful review standard from collection letters to litigation. There is

---

[1] Under Fed. R. Civ. P. 12(b)(6), a court may "dismiss a claim on the basis of a dispositive issue of law," *Neitzke v. Williams*, 490 U.S. 319, 326, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989), by examining the legal sufficiency of the claim as opposed to the evidence underlying the factual issues. *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996).

4965037v.1

no such standard as to litigation and pleading. There is no dispute that the lawyer signed the pleadings and pursued the litigation. A lawyer had to be involved in the litigation and the litigation, i.e. pleadings, are specifically excluded as "communications" by the FDCPA. *See Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003) ("[I]t seems far more consistent with the purpose of the [FDCPA] that the term 'communication' as used does not include a 'legal action or pleading.'"); *See also* 15 U.S.C. § 1692e(11), as amended Pub. L. 104-208, § 2305(a), 110 Stat. 3009, 3009-425 (1996) (the term "communications" "shall not apply to a formal pleading made in connection with a legal action.").

Finally, the Report & Recommendation, after reciting the facts stated above, goes on to again state "[g]iven that the parties have not at this time engaged in any discovery whatsoever, the Court respectfully recommends that plaintiff's FDCPA claims not be dismissed for failure to state a claim." *See* Report & Recommendation at pg. 25-26. Discovery is not necessary when the defendant's entire motion is based solely on issues of law to be decided after a review of the uncontested facts stated in the plaintiff's own complaint – something the Report & Recommendation continually fails to recognize in violation of the standard articulated for deciding a Rule 12(b)(6) motions.

  **IV.** **The Report & Recommendation Addresses the History and Text of New York's Borrowing Statute Found in CPRL § 202, but Fails to Properly Address the Issues Raised by Defendant that CPLR § 202 was not Applied to Cases Similar to the State Court Action Prior to *King II*.**

The Report & Recommendation addressed the history and text of CPLR § 202 but fails to address the defendant's argument that CPLR § 202 was never applied by *any* court, including the Third Department, in credit collection actions prior to the decision in *King II*. While the "plaintiff notes" that "the text of Section 202 has not changed since 1963," the plaintiff and the Court in the Report & Recommendation failed to provide any instance, prior to *King II*, in which

4965037v.1

CPLR § 202 was applied to a credit collection action. *See* Report & Recommendation at pg. 9. Instead, the Report & Recommendation addresses the application of CPLR § 202 in a products liability case, *Antone v. General Motors Corp., Buick Motor Div*, 64 N.Y.2d 20, 27-28 (1984), a fraud claim, *Prefabco, Inc. v. Olin Corp.*, 71 A.D.2d 587, 588 (1st Dep't 1979), a legal malpractice counterclaim, *Naftalis v. Cooper*, No. 101776/05, 2006 WL 684383 at *2 (Sup. Ct. Jan. 10, 2006), and a conversion case, *Lerman v. Lerman*, 106 Misc. 2d 198, 203 (Sup. Ct. 1980). *See* Report & Recommendation at pgs. 10, 13. Not a single collection case is referenced.

The defendant, however, provided a number of cases in which New York courts had determined that the statute of limitations for a credit collection action was six years. In the State Court Action, unlike in *King I*, the defendant filed the action well within New York's six year statute of limitations in compliance with the then existing state of the law. The Report & Recommendation "notes that three of these opinions are unpublished and two involve pro se defendants, who do not appear to have raised the applicability of Section 202[,]" *see* Report & Recommendation at pg. 14, without explaining why the nature of these cases being unpublished and or involving two *pro se* defendants relates to the argument that the defendant was acting pursuant to the understood state of the law in New York at the time it filed the State Court Action.

Instead, the Report & Recommendation raises the very point that the defendant was advancing in the motion to dismiss - that the courts, judges and counsel in New York, were not addressing statute of limitations arguments in credit collection cases under CPLR § 202. *See* Report & Recommendation at pg. 15 ("Until the issue was raised before the lower court in King, it does not appear that the cases relied upon by defendants even considered Section 202." *See* Report & Recommendation at pg. 15. Yet, the Report & Recommendation fails to address this

8

point and instead references "the absence of vigorous advocacy," as the reason for *any* New York court failing to analyze the statute of limitations in a credit collection action under § 202. *See* Report & Recommendation at pg. 15. There is no basis for this argument in the Report & Recommendation and no support for the position that all plaintiffs presenting a statute of limitations defense prior to *King II* lacked "vigorous advocacy." In addition, this analysis once again overreaches, assuming facts not in the plaintiff's complaint, in violation of Fed. R. Civ. P. 12(b)(6). It also fails to recognize the countless collection suits prior to *King II*, which had been successfully litigated utilizing a six year statute of limitations whether the consumers in the actions were *pro se* or vigorously represented by counsel.

In its Report & Recommendation, the Court cites to the *King II* decision, which states in pertinent part that one of the "key policies underlying CPLR 202" is "to prevent forum shopping by nonresidents attempting to take advantage of a more favorable statute of limitations in this state." *King*, 14 N.Y.3d at 418. To the extent the Report & Recommendation relies on this quote from *King II* and the principle underlying it (i.e. to prevent forum shopping), the FDPCA, in enacting 15 U.S.C. § 1692i already limits a creditors ability to "forum shop." Congress enacted § 1692i with the specific intent of limiting the location in which a consumer can be sued on a credit card debt to the judicial district in which the consumer signed the credit card agreement *or* the judicial district in which the consumer resides. Any reliance on the argument that CPLR § 202 prevents "forum shopping" is therefore inapposite in a credit card collection action as the FDCPA has already ensured that a consumer will not and cannot be sued in a location other than the location in which he/she signed the credit card agreement *or* the location in which the consumer resides.

V.  **The Report & Recommendation Improperly Expands the Reasoning in *Miller I* and *Miller III* to Encompass Pleadings, Which are not "Communications" under the FDCPA**

The *Miller I* and *Miller III* decisions involved alleged FDCPA violations for the purported mass production of collection letters without a meaningful attorney review. The *Miller* cases vary significantly from the facts asserted in the plaintiff's complaint and cannot be the basis for denying the defendant's motion to dismiss. The *Miller III* decision specifically addressed the reason behind and enforcement of FDCPA § 1692e when it stated that "enforcement of FDCPA § 1692e against law firms is designed to prevent law firms from renting their letterhead to creditors as mere means to better 'strong-arm' putative debtors." *Miller v. Upton, Cohen & Slamowitz,* 687 F. Supp. 2d 82 86, 95 (E.D.N.Y. 2009). To use this decision and the reasoning stated therein to deny the defendant's motion to dismiss defies reason, especially considering Congress' amendments to the FDCPA to specifically exclude pleadings from the definition of "communications" under the FDCPA. *See Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003) ("[I]t seems far more consistent with the purpose of the [FDCPA] that the term 'communication' as used does not include a 'legal action or pleading.'"); *See also* 15 U.S.C. § 1692e(11), as amended Pub. L. 104-208, § 2305(a), 110 Stat. 3009, 3009-425 (1996) (the term "communications" "shall not apply to a formal pleading made in connection with a legal action."). Pleadings are not considered "communications" within the FDCPA and therefore cannot be a basis for denying the defendant's motion to dismiss.

VI. **Attorney Wolstein was Following the State of the Law at the Time of the Filing of the State Court Action, Which Supports Defendant's Motion to Dismiss the FDCPA and NYGBL § 349 Claims**

The Report & Recommendation wholly fails to take into account or consideration that Attorney Wolstein was following the state of the law at the time of the filing of the State Action,

4965037v.1

and/or uses the faulty reasoning addressed in Section IV and V of this Objection in finding a violation of the FDCPA and, in turn, a violation of New York General Business Law § 349. To the extent that *Miller III* even dealt with litigation, the court concluded "that, . . ., where an attorney commences suit in so uninformed a manner that he is ignorant even as to what law governs his suit, it cannot be said that he has undertaken a level of review sufficient to satisfy even the most general requirements applicable to attorney conduct, let alone the more focused review requirements established by the FDCPA." *Miller*, 687 F. Supp. 2d at 98. The facts of this case and the arguments stated in the defendant's motion to dismiss do not fall within what the *Miller III* court deemed "uninformed" or "ignorant." Attorney Wolstein filed the State Court Action on November 27, 2009. *See* Complaint at ¶ 15. At the time the State Court Action was filed, *numerous*, if not *all* courts in New York deemed the statute of limitations for a credit collection action to be 6 years, including the Third Department in *Portfolio Recovery Assoc., LLC v. King*, 55 A.D.3d 1074 (N.Y. App. Div. 3d Dep't, 2008) ("Even though the credit card agreement between Discover and defendant contained a Delaware choice of law provision, Delaware's shorter statute of limitations does not apply. Under New York choice of law principles, contractual choice of law provisions only apply to substantive issues; New York follows its own procedural rules. Applying New York law, the instant action was timely." (Internal citations omitted)). *See also* Exhibits B, C and D attached to Defendant's Motion to Dismiss. The plaintiff has provided *no* case law indicating otherwise and instead, as the Report & Recommendation did, focuses solely on the history and text of CPLR § 202, which was not applied to credit collection actions until the Court of Appeals of New York issued its decision in *King II* on April 29, 2010. *See Portfolio Recovery Assoc. v. King*, 14 N.Y.3d 410 (2010). There was no violation of the FDCPA or NYGBL § 349 and the reasoning in the Report &

4965037v.1

Recommendation does not support a finding of the same. Both the Trial Court and the Appellate Division, Third Department, agreed with defendants before the Court of Appeals reversed. It is inconceivable that a lawyer in this state can be subject to liability for following existing law.

### VII. The Report & Recommendation Improperly Broadens the Allegations in the Plaintiff's Complaint to Support a Finding of a Violation of Judiciary Law § 487

Instead of addressing the defendant's arguments that intent is required for finding a violation of the Judiciary Law § 487, the Report & Recommendation improperly expands the allegations in the plaintiff's complaint to assimilate the facts in this case to the facts in cases in which attorney's were "robosigning" hundreds if not thousands of affidavits in support of motions for default. *See Sykes v. Mel Harris & Assocs., LLC*, 2010 WL 5395712 (S.D.N.Y. Dec. 29, 2010). This analysis is flawed for at least two reasons: (1) the Report & Recommendation expands the allegations in the plaintiff's complaint to include an allegation of "robosigning" where none exists; and (2) *Sykes v. Mel Harris*, the only case cited in the Report & Recommendation in support of the decision not to grant defendant's motion to dismiss, was a class action that alleged a "massive scheme" against more than 100,000 other consumers in which the defendant's knowingly engaged in "sewer service." The allegations in the plaintiff's complaint, which the defendant has accepted as true for the purposes of its motion to dismiss, do not contain any allegations of "robosigning" or "sewer service" and do not support a finding of intent, which is required under Judiciary Law § 487.

The Report & Recommendation, in finding that the defendant's motion to dismiss should be denied, improperly expands the allegations in the plaintiff's complaint. The Report & Recommendation states in pertinent part "plaintiff's claim is based on an alleged broad pattern of deceptive filings that the plaintiff claims were 'robosigned' without meaningful review and

12

4965037v.1

which were time-barred on their face." *See* Report & Recommendation at pg. 29. There is no such allegation in the plaintiff's complaint as a whole and, more importantly, in relation to the plaintiff's allegations relative to Judiciary Law § 487 that the defendant "robosigned" the pleadings that were filed against the plaintiff. This reference is an improper expansion of the allegations in the complaint and cannot be the basis for finding that the plaintiff's claim states a cause of action under Rule 12(b)(6). *See also* Defendant's arguments stated in Section III of this Objection.

In addition to expanding the allegations in the plaintiff's complaint, the Report & Recommendation references one case in support of denying the defendant's motion to dismiss and then states, inaccurately, that the "plaintiff has raised similar allegations regarding the Malen Firm's practice in filing collection actions." A brief review of the *Sykes* case provides ample and distinct differences from the allegations raised in the plaintiff's complaint and therefore cannot be a basis for denying the defendant's motion to dismiss relative to the plaintiff's Judiciary Law § 487 claim.

In *Sykes*, the "[p]laintiffs allege that the . . . defendants entered into joint ventures to purchase debt portfolios, pursued debt collection litigation en masse against the alleged debtors, and sought to collect millions of dollars in fraudulently obtained default judgments. . . . After obtaining the default judgments, the . . . defendants proceeded to restrain plaintiffs' bank accounts, threatened to garnish their wages or seize their property, caused them to incur litigation costs, and impaired their credit, making it difficult to obtain housing, employment, and loans." *Sykes, supra* at 419-420. In addition to the above, the *Sykes* plaintiffs alleged that "the Mel Harris defendants' "designated custodian of records," Todd Fabacher, signed the vast majority of the approximately 40,000 affidavits of merit they filed each year. . . . Assuming 260 business

13

days a year, Fabacher had to have personally (and purportedly knowledgeably) issued an average of twenty affidavits of merit per hour, i.e., one every three minutes, over a continuous eight hour day." *Id.* The facts in this case differ so significantly that a finding of intent based on *Sykes* is inappropriate.

In this case, and when reviewed properly, the plaintiff has alleged nothing more than a violation of the FDCPA on the basis that the defendant filed an allegedly time-barred complaint in the State Court Action. *See* Complaint ¶ 34. There is no allegation of a mass "scheme" in the plaintiff's complaint, there is no allegation of "sewer service" in the plaintiff's complaint, and, while there is an allegation that the defendant's intent was to defraud the consumer and allegedly the Court, the *King I* decision clearly rebuts it.

As was stated throughout the motion to dismiss, the defendant's reply to the plaintiff's opposition and now in this Objection, Attorney Wolstein was operating under the state of the law *at the time the State Court Action was filed* and supported by the Trial Court and the Appellate Division, Third Department in *King I*, which negates any allegations of "intent" on the plaintiff's part. Finally, the Report & Recommendation again improperly recommends the denial of the motion to dismiss "pending discovery." As addressed in Section III of this Objection, the question of whether or not the allegations in the plaintiff's complaint are sufficient to state a cause of action is a question of law. No discovery is required for this Court to review and decide the defendant's motion to dismiss pursuant to Rule 12(b)(6).

## CONCLUSION

Based on the above, it is respectfully submitted that this Court should decline to adopt the Report and Recommendation of Magistrate Polak in its entirety and grant the defendant's motion to dismiss.

Dated: New York, New York
March 29, 2012

                        Yours, etc.

         WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Thomas A. Leghorn
Jill E. Alward
Attorneys for the Defendant,
MALEN & ASSOCIATES, P.C.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 09120.00239

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604

_____
Thomas A. Leghorn

4965037v.1