UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MICHAEL DIAZ,

                Plaintiff,

                                                **MEMORANDUM & ORDER**

      v.                                            10 CV 3920 (MKB) (CLP)

PORTFOLIO RECOVERY
ASSOCIATES, LLC and MALEN &
ASSOCIATES, P.C.,

                Defendants.

-----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

       Plaintiff Michael Diaz filed the above-captioned action against Defendants Portfolio Recovery Associates, LLC ("PRA") and Malen & Associates, P.C. ("Malen") on August 25, 2010, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), New York General Business Law § 349 and New York Judiciary Law § 487. The instant action arises out of a debt collection action Defendants filed in Kings County Civil Court against Plaintiff to recover $5,3294.24, including pre-judgment interest. Plaintiff claims that the complaint was part of Defendants' policy and practice of intentionally filing time-barred consumer collection complaints, knowing that the majority of complaints result in default judgments or are contested by unsophisticated *pro se* defendants who are unaware of New York's "borrowing statute," CPLR § 202, and its impact upon the statute of limitations. On November 8, 2010, Plaintiff and PRA reached a settlement as to PRA only, resulting in the dismissal of all claims against PRA. Defendant Malen, the only remaining defendant, moved to dismiss all claims on November 24,

2010. Defendant's main argument in its motion to dismiss is that CPLR § 202 did not apply to debt collection actions until the New York Court of Appeals decision in *Portfolio Recovery Assoc. v. King*, 901 N.Y.S.2d 575 (2010), and, therefore, the debt collect action filed against Plaintiff was timely when it was filed and all of Plaintiff's claims must fail. The motion was referred to Magistrate Judge Pollak on September 27, 2011 by Judge Korman. On February 28, 2012, Magistrate Judge Pollak filed a report and recommendation (the "Report & Recommendation"), recommending that Defendant's motion to dismiss be denied. Defendant filed objections to the Report & Recommendation on March 29, 2012, and Plaintiff filed his response on April 26, 2012. For the reasons set forth below, the Report & Recommendation is adopted in its entirety, and Defendant's motion to dismiss is denied.

## I. Background

The facts alleged in the amended complaint are assumed to be true for the purposes of this motion. Defendant PRA is a business that buys purportedly past due or defaulted upon consumer debt and attempts either itself or through its agents to collect those debts. (Am. Compl. ¶ 11.) Defendant Malen is a law firm engaged in the business of collecting debts. *Id.* at ¶ 8. On November 27, 2009, Defendant PRA, represented by Defendant Malen, filed a summons and complaint against Plaintiff in Kings County Civil Court (the "State Action"). *Id.* at ¶ 15. Defendants sought to recover a purported debt of $5,394.42, including pre-judgment interest, on a Providian credit card account held by Plaintiff. *Id.* at ¶ 16. Defendants alleged that the default occurred on or about December 30, 2005. *Id.* at ¶ 17. Providian, the original creditor, is incorporated and headquartered in New Hampshire. *Id.* at ¶ 19. Under New Hampshire's statute of limitations, the applicable statute of limitations under New York's "borrowing statute," Defendants were required to file the complaint within three years or on or before December 30,

2008. *Id.* at ¶¶ 20–21. The State Action was not filed until November 27, 2009, and Defendants knew that it was time barred when they filed it. *Id.* at ¶¶ 15, 22. Plaintiff, appearing *pro se*, filed a timely answer in the State Action. *Id.* at ¶ 32. Plaintiff then retained counsel and filed an amended answer, in which he alleged, among other things, that pursuant to New York's "borrowing statute," CPLR § 202, the action was time barred. *Id.* at ¶¶ 33–34. One week later the parties entered into a stipulation of discontinuance, whereby PRA dismissed its claims against Plaintiff with prejudice. *Id.* at ¶ 35.

Defendants' filing of the State Action was part of a "policy and practice" whereby Defendants intentionally filed time-barred claims "knowing that the vast majority of claims filed will result in default judgments or will be contested by unsophisticated pro-se consumers who are unaware of CPLR § 202 and its impact upon the statute of limitations." *Id.* at ¶ 22. In 2009, Defendant Malen, a three-attorney law firm, commenced approximately 10,904 consumer collection actions in New York City Civil Courts. *Id.* at ¶¶ 25–26. Defendant Malen filed an additional 2,000 complaints in New York State Civil Courts in 2009. *Id.* at ¶ 27. Jeffrey Wolstein, one of Defendant Malen's attorneys, signed more than one third of the complaints filed by Defendant Malen in 2009. *Id.* at ¶ 26. Wolstein signed all of the pleadings in the State Action. *Id.* at ¶ 23.

## II. Discussion

### a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which

the party objected under a *de novo* standard of review. *Id.* The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Id.*; *see Wilds v. UPS, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A district court will generally not consider arguments that were not raised before the magistrate judge. *See Zhao v. State University of N.Y.*, No. 04 Civ. 210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (*quoting Illis v. Artus*, No. 06 Civ. 3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 27, 2009)).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (*quoting Connecticut v. Am. Elec. Power Co.*, 582 F.3d 309, 320 (2d Cir. 2009)). A complaint must, however, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson*, 631 F.3d at 63 (*quoting Iqbal*, 556 U.S. at 678). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)).

4

### b. Defendants' Objections to the Report & Recommendation

Defendant raises the following objections to the Report & Recommendation: (1) CPLR § 202 was not applied in consumer collection actions prior to *Portfolio Recovery Assoc., LLC v. King*, 901 N.Y.S.2d 575 (2010), and, therefore, Defendant was acting in accordance with clear, past precedent when it filed the State Action; (2) Plaintiff has not alleged a cause of action under the FDCPA because litigation pleadings do not qualify as "communications"; and (3) the allegations in the amended complaint cannot support a claim under New York Judiciary Law § 487.[1]

### i. The Applicable Statute of Limitations Prior to *King*

In support of its motion to dismiss, Defendant argues that prior to the New York Court of Appeals decision in *King*, CPLR § 202 was only applied to commercial transactions "wherein it was alleged that there was a breach of contract and the contract provision contained a choice of law provision in favor of a foreign jurisdiction." (Def. Mem. 4 n.1.) Therefore, all of Plaintiff's claims should be dismissed because the State Action was timely under then-existing law. Magistrate Judge Pollak conducted a detailed analysis of CPLR § 202 and the New York Court of Appeals decision in *King* and concluded that the "straightforward language of Section 202" and "the Court of Appeals' analysis in *King*" make clear that the New York Court of Appeals "was not stating a new rule of law or clarifying any ambiguity in the statute." (*See* Report & Recommendation 9–12.) This Court agrees.

CPLR § 202, New York's "borrowing statute," provides that "[a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time

---

[1] In addition, Defendant argues that Magistrate Judge Pollak erroneously applied the motion to dismiss standard of review and considered facts not in evidence. (Def. Obj. 1–3.) This Court has carefully reviewed these objections and finds them to be without merit.

5

limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply." CPLR § 202. Nothing in the statute suggests that it is only applicable to certain types of actions. In *King*, the New York Court of Appeals reaffirmed that "[w]hen a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued." *King*, 901 N.Y.S.2d at 577 (*quoting Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999)). Therefore, the court concluded that Delaware law governed the statute of limitations period because Discover, the assignor of the debt, accrued the alleged injury in Delaware. *Id.* The analysis in *King* is straight forward, relying on existing New York precedent, and does not note any contrary prior decisions by any New York court. *Id.*

Defendant claims, however, that New York case law establishes that CPLR § 202 was not applied to consumer collection actions prior to *King*, and, therefore, *King* changed the law. (Def. Mem. 5.) As evidence of this allegedly clear, past precedent, Defendant submits three unpublished decisions, (Def. Mem. Exs. B–D), and cites two cases, each at least twenty-five years old, *Mfrs. and Traders Trust Co. v. Lindauer*, 513 N.Y.S.2d 629 (N.Y. Sup. Ct. 1987) and *First Nat'l City Bank v. Cervera*, 252 N.Y.S.2d 537 (N.Y. Civ. Ct. 1964). (Def. Mem. 5.) None of these decisions discuss CPLR § 202, or whether or not it is applicable in consumer collection actions. Instead, the courts apply, without any discussion, New York's six-year statute of limitations. Defendant's reliance on a few cases mechanically applying the six-year statute of

6

limitations period does not establish clear, past precedent.[2] Based on the plain language of CPLR § 202 and the New York Court of Appeals analysis in *King*, the Court concludes that *King* did not change the law.[3] See *Windsearch, Inc. v. Delafrange*, 934 N.Y.S.2d 576, 577 (App. Div. 2011) ("We do not agree with plaintiff that the holding in [*King*] represents a new rule of law that must be applied prospectively and, in that regard, note the Court of Appeals' admonition that care must be taken to assure that the concept of a 'new rule' remains a relatively narrow one.") (internal citations, alterations and quotation marks omitted).

### ii. "Communications" under the FDCPA

Defendant next objects that Magistrate Judge Pollak erred in considering litigation pleadings to be "communications" under the FDCPA. (Def. Obj. 10.) Specifically, Defendant claims that the Magistrate Judge improperly expanded the reasoning in *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292 (2d Cir. 2003) ("*Miller I*") and *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86 (E.D.N.Y. 2009) ("*Miller III*") to encompass pleadings, which

---

[2] If anything, the unpublished decisions are evidence of the allegations in Plaintiff's amended complaint—that Defendant had a policy and practice of intentionally filing time-barred claims, "knowing that the vast majority of claims filed will result in default judgments or will be contested by unsophisticated pro-se consumers." (Am. Compl. ¶ 22.) PRA was the plaintiff in all three actions, and Defendant was PRA's counsel. In *Portfolio Recovery Assoc. v. Fiori*, Index No. C60427 (N.Y.C. Civ. Ct. Nov. 7, 2005), and *Portfolio Recovery Assoc. v. Tabin*, Index No. 05-1028 (N.Y. Sup. Ct. Jul. 14, 2006), the defendants appeared *pro se*. (Def. Mem. Ex. B–C.) Both defendants attempted to assert a statute of limitations defense, although neither made an argument based on CPLR § 202. In *Portfolio Recovery Assoc. v. Avalone*, Index No. 06-5334 (N.Y. Sup. Ct. Oct. 18, 2006), the defendant was represented by counsel, although the defendant's counsel did not file a timely opposition and the court noted it would be improper to consider counsel's submission. (Def. Mem. Ex. D at 3.) The defendant's counsel did raise a statute of limitations claim in his opposition papers, although it appears that he simply disputed the accrual date and did not challenge the operative statute of limitations period. *Id.* at 4. Defendant was awarded judgments in all three apparently time-barred actions.

[3] Having found that *King* did not change the law and that CPLR § 202 has always been applicable to consumer collection actions, the Court need not address Defendant's additional objections premised on its claim that Attorney Wolstein was acting in accordance with the law at the time the State Action was filed.

7

Defendant claims, are not "communications" under the FDCPA. *Id.* Defendant raises this argument for the first time in his objections to this Court, and, therefore, the argument is not properly before the Court. *Zhao*, 2011 WL 3610717, at *1; *Scientific Components Corp.*, 2006 WL 2524187, at *2. Regardless, Defendant's argument is without merit.

Contrary to Defendant's representations, *Miller III* identified both a debt-collection letter and a litigation pleading as misleading communications establishing a claim under Section 1692e of the FDCPA. *See Miller III*, 687 F. Supp. 2d. at 96 ("[T]his Court now concludes that, with respect to Miller's case, UCS's attorney review practices prior to both the issuance of the debt-collection letter signed by Slamowitz and the commencement of legal action were inadequate for FDCPA purposes, thus rendering misleading these communications with Miller."). Furthermore, the FDCPA broadly defines "the term 'communication' [as] the conveying of information regarding a debt directly or indirectly to any person *through any medium.*" *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006) (*quoting* 15 U.S.C. § 1692a(2) (emphasis in original)).

Still, Defendant insists that a legal pleading is not a communication under the FDCPA, relying on *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003), where the Court of Appeals for the Eleventh Circuit held that a legal action is not an "initial communication" under Section 1692g(a). *Vega*, 351 F.3d at 1336. However, three years later in *Goldman v. Cohen*, this Circuit reached the opposite conclusion, holding "that a consumer debt collector's initiation of a lawsuit in state court seeking recovery of unpaid consumer debts is an 'initial communication' within the meaning of the FDCPA."[4] *Goldman*, 445 F.3d at 155. In addition to looking to the statute's

---

[4] The Second Circuit noted that "the Eleventh Circuit [in *Vega*] relied upon a Staff Commentary of the Federal Trade Commission which had been superseded. . . . A Commission advisory opinion issued in March 2000 explicitly repudiated that Staff Commentary in light of the Supreme Court's decision in [*Heintz v. Jenkins*, 514 U.S. 291 (1995)] and held that a formal

8

broad definition of "communication," the Second Circuit noted that Congress had recently amended a portion of the statute to clarify that certain disclosure requirements do not apply "to a formal legal pleading made in connection with a legal action." *Id.* at 155–56 (*quoting* 15 U.S.C. § 1692e(11)). The Second Circuit concluded that, absent an express exclusion, a legal pleading is a "communication" under the FDCPA.[5] *See id.* at 156 ("[T]his express exclusion of a legal pleading from the scope of the term 'communication' implies the drafters' understanding that the term 'communication' would otherwise include legal pleadings." (internal citations and quotations omitted)).

Accordingly, Plaintiff stated a claim under Sections 1692e and 1692f by alleging that Defendant filed a complaint to collect a time-barred debt without meaningfully reviewing the complaint and that Defendant took legal action when it knew there was no factual basis for such action. (Am. Compl. ¶ 42.)

### c. Judiciary Law § 487

Finally, Defendant claims that Plaintiff has not alleged a claim under New York Judiciary Law § 487. (Def. Obj. 12.) Section 487 creates a cause of action against an attorney for engaging in "deceit or collusion . . . with intent to deceive the court or a party." N.Y. Judiciary Law § 487. Plaintiff alleges that Defendant filed over 13,000 complaints in 2009 alone and that

---

legal pleading which conveyed information about a debt would indeed constitute a communication within the scope of the FDCPA." *Goldman*, 445 F.3d at 156 n.5.

[5] Congress later amended 1692g(a), the section of the FDCPA addressed in *Goldman*, to exclude legal pleadings from the definition of "initial communications." 15 U.S.C. § 1692g(d) (a "communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section."). However, this amendment reinforces the holding of *Goldman* that a formal pleading is a communication under FDCPA, unless the statute specifically excludes it. *Goldman*, 445 F.3d at 155–56. Section 1692e specifically excludes formal pleadings as to subparagraph 11, but is silent as to all other paragraphs. *See* 15 U.S.C. 1692e(11) ("except that *this paragraph* shall not apply to a formal pleading made in connection with a legal action" (emphasis added)).

Wolstein signed over one third of those complaints. (Am. Compl. ¶¶ 23–27.) In light of these allegations, Magistrate Judge Pollak rightfully found that Plaintiff's allegations of a "broad pattern of deceptive filings" were sufficient to support a claim under Section 487. (Report & Recommendation 28–29). Defendant's claim that the Magistrate Judge "improperly broaden[ed] the allegations" by characterizing the allegations as "robosigning" is without merit. (Def. Obj. 12.) The allegations in the amended complaint—that Defendant filed over 13,000 complaints in 2009 alone and that Wolstein signed over one third of those complaints—establish a pattern of deceptive filings, which support a claim under Section 487. *See Sykes v. Mel Harris & Assocs. LLC*, 757 F. Supp. 2d 413, 428–29 (S.D.N.Y. 2010) ("Plaintiffs' allegations regarding the fraudulent affidavits and other filings provide adequate support for [the Section 487] claim.").

### III. Conclusion

Having considered Magistrate Judge Pollak's Report & Recommendation and the accompanying objections, the Court adopts the Report & Recommendation in its entirety and denies Defendant's motion to dismiss. The parties are instructed to contact Magistrate Judge Pollak within fourteen (14) days to schedule a pretrial conference.

SO ORDERED.

Dated: May 23, 2012
       Brooklyn, NY

                                                                         MARGO K. BRODIE
                                                                          United States District Judge